VOORHIES & Co. *v.* EUBANK, Executor.

After an executor or administrator has appeared before the county court, in proceedings to prove up a claim against the estate, and consented to a continuance, and the appointment of an auditor to audit the claim of the plaintiff, he cannot, on appeal to the district court, move to dismiss the suit for want of notice, as required by law.

Where on appeal from the county court, in proceedings to prove up a claim against an estate, the transcript shows that the executor or administrator, made an appearance, the defendant in the district court cannot be permitted to show, by affidavit, that he did not appear, and thus contradict the record of the county court.

Upon the failure of an appellant to docket his case, and prosecute his appeal, in proceedings to prove up a claim against an estate, the district court may affirm the judgment of the court below, or may dismiss the appeal, leaving the judgment of the court below to stand.

In proceedings against an administrator or executor, to prove up a claim against an estate, no judgment—in the sense in which the term is ordinarily used—should be rendered.

The object of the proceeding is to ascertain the truth and justice of the claim made against the estate; and when so ascertained, it is to be allowed, and ordered to be paid from the assets of the estate.

In proceedings to prove up a claim against an estate, the executor or administrator, and not the estate, should be made party defendant. No

judgment or adjudication can be rendered against the estate as defendant, as against a natural person.

Where a judgment is rendered against an executor or administrator, it should be against him in his official capacity, to be levied of the goods and chattels of the deceased, in his hands to be administered.

In proceedings against an executor or administrator, to prove up a claim against an estate, no order should be entered for the issuing of an execution.

Where in proceedings against an executor, to prove up a claim against an estate, appealed to the district court, the said court, on motion of the appellee, affirmed the judgment of the court below, for the reason that the appellant had failed to prosecute the appeal, and rendered judgment as follows: "That the said plaintiffs recover of Martha E. Eubank, late Martha E. Carey, executrix of the estate of S. T. Carey, deceased, the sum of two thousand and fifty-six dollars and ninety-five cents, and that execution issue on the judgment"; *Held*, That the judgment was erroneous.

*Appeal from the Pottawatamie District Court.*

TUESDAY, JUNE 22.

The county court of Pottawatamie county rendered a judgment in favor of the plaintiffs, against "the estate of S. T. Carey, deceased," as defendant, for the sum of $1,954,35. From this judgment, Martha E. Eubank, the executrix of Carey, appealed to the district court. In the district court, the executrix moved the court to dismiss the suit, for the reason that no notice of the hearing had been served on her, as required by law. In support of this motion, the affidavit of D. W. Price was filed, to show that no notice had been given to the executrix, and that no appearance had been made for her at the hearing, nor any want of notice waived. This motion was overruled; and thereupon, the plaintiffs moved the court to affirm the judgment of the county court, for the reason that the defendant had neglected to prosecute her appeal, and had not paid the fees for docketing the cause in the district court. This motion was sustained; the judgment of the county court was affirmed, and it was adjudged that the said plaintiffs recover of Martha E. Eubank, late Martha E.

Carey, executrix of the estate of S. T. Carey, deceased, the sum of $2056,95, and that execution issue on the judgment. From this judgment, the executrix appeals.

*Frank Street* and *Clarke & Henley*, for the appellant.

*A. V. Larimer*, for the appellees.

STOCKTON, J.—The motion by defendant to dismiss the suit, was correctly overruled. Although the record does not show that the county court acquired jurisdiction of the cause, in the manner prescribed by law, yet it appears by the entry of the county judge, that "the parties appeared," and the hearing was continued until the regular term in August. At the August term, the transcript states that, " by request of parties," an auditor was appointed to audit the plaintiffs' claim, and report to the court. At the November term, the auditor having reported that the estate of S. T. Carey was indebted to the plaintiffs in the sum of $1954,35, judgment was rendered accordingly. The executrix might have objected in the county court, that the claim of the plaintiff had not been stated, sworn to and filed, as required by law. She might have objected, that ten days notice of the hearing, indorsed upon a copy of the claim, had not been served upon her, in the manner required for the commencement of actions in the district court. Code, section 1359. But after having appeared, without making these objections at the earliest opportunity ; and after having consented to a continuance of the cause, and to the appointment of an auditor, she cannot be permitted, in the district court, to object that she was not duly served with notice of the hearing, nor to contradict the record of the county court, in order to show that she did not make any appearance in the suit, or waive the want of notice.

The second assignment of error, is upon the order of the district court, affirming the judgment of the county court, without giving the defendant an opportunity to try the

Voorhies & Co. v. Eubank, Executor.

cause on the merits. The appeal certainly brought up the cause for, hearing anew in the district court. Upon the failure of the appellant to prosecute the appeal, the court may dismiss the same, suffering the judgment and determination of the county court to stand. In this instance, the district court affirms the judgment of the county court, and renders judgment against the defendant for the amount allowed by the county court, with interest. This judgment, we must take to have been rendered against the defendant, for want of prosecution, as stated in the motion. We cannot go behind the judgment, to inquire of the incorrectness of the action of the district court, for the reason that no error is affirmatively shown to exist, and until it is shown, the judgment must be taken to be correct. It cannot be said, that the district court denied to the defendant a trial on the merits. By paying the fees required to be paid to the clerk of the district court, on docketing an appeal, and by duly prosecuting the same, the defendant was entitled to a trial anew, in the district court; and it cannot be complained of, if the judgment appealed from, is affirmed for want of such payment, and due prosecution of the appeal.

It is, in the third place, assigned for error, that the district court rendered a personal judgment against the executrix, for which she is personally liable, instead of a judgment against her in her official capacity, for which the estate is liable. The right of the court to render the judgment in either form, is not apparent. It is to be borne in mind, that this is a proceeding in probate, by the plaintiffs, to have a claim against the estate of Carey, allowed by the county court, and to obtain an order for its payment by the executrix. It is to be, in all things, governed by the statute. It is not to be likened to an ordinary suit at law, between parties litigant; and yet, it is so far like it, that there should be both a plaintiff and a defendant. It is to be commenced in the manner required for commencing actions in the district court, and is to be governed by the same rules, in the admission of testimony. Code, sec. 1359,

1360. The difference between the two modes of proceeding, lies in the fact that, in a suit like the present, there should be no *judgment*, in the sense in which the term is ordinarily used. There is to be an ascertainment of the truth and justice of the claim made against the estate, and when so ascertained, it is to be allowed, and ordered to be paid from the assets of the estate. No execution is to be awarded or issued upon the adjudication. An execution is not the mode pointed out for its enforcement. *Foteaux* v. *Lepage, ante* 23.

The executrix, and not "the estate of S. T. Carey," should have been the defendant in the suit. No judgment or adjudication could have been made against "the estate" as defendant, as against a natural person. It is a confusion of terms, as well as of ideas, to adopt such a form of expression. This confusion is most notably exemplified in the present record. A judgment is rendered in the county court, against "The Estate of S. T. Carey" as defendant, and the executrix takes an appeal to the district court. In that court, the proceeding is carried on against "the estate of S. T. Carey," as defendant; but judgment is rendered against Martha E. Eubank, executrix, &c., and "The Estate of S. T. Carey," takes the appeal to this court. As the parties have taken no exception to this form of entry and proceeding, in the district court, but have permitted it to pass unquestioned, we have perhaps gone aside in making this much comment upon it. We take occasion, however, while the subject is up, to express our strong disapprobation of the practice of making up the records of the county and district courts, in such carelessness and confusion.

Allowing that the executrix of Carey, in an appeal taken as this is, by "the Estate of Carey," can object to the form of the judgment against her by the district court, we think that the objection made by her is well taken. In the first place, there should have been no judgment of recovery against her. The only question before either the county or district court was, whether the claim be allowed by the court and paid by the executrix, as other claims. In

the second place, where a judgment is rendered against an executrix, it should be against her as such executrix, to be levied of the goods and chattels of the testator in her hands to be administered. *Thirdly :* In this case, there should have been no order entered, for the issuing of an execution on the judgment. In these respects, the judgment of the district court will be reversed, and ordered to to be corrected. In other respects, the judgment will be affirmed. The remarks above, disposes of the fourth assignment of error made by the appellant.

Judgment in part reversed, and in part affirmed.