## SYKES V. BATES.

1. **Contract:** PAROL AGREEMENT: PRIOR UNSTAMPED MEMORANDUM. A parol contract for the purchase of real estate, accompanied by a payment of part of the purchase money, constitutes a valid agreement, although there was a prior unstamped memorandum.

2. —— VENDOR AND VENDEE: DELIVERY OF PURCHASE MONEY TO .THIRD PERSON. Where the purchase money of real estate is, pursuant to the direction of the vendor, sent to him in the care of a third person, who accordingly receives the same, this constitutes such a payment and delivery of the purchase money as will entitle the vendee to recover the same of the vendor upon his failure and refusal to execute the conveyance, although such third person, after receiving the money, instead of paying it to the vendor, delivered it without the consent of the vendee to one unauthorized to receive it, and who appropriated it to his own use.

3. **Evidence:** WHERE EXECUTOR IS ADVERSE PARTY. Section 3982 of the Revision, which excepts from the general competency of parties, under the statute, to testify, cases where the adverse party is an executor, does not establish a more stringent rule with respect to the admissibility of evidence ·than existed at common law; and a party will in such case be allowed to give testimony as to a particular fact which, from the necessity of the case, was competent at common law.

4. —— RULE APPLIED. In a suit by a vendee against the executor of his vendor, the fact that a package containing money was sent by express pursuant to the direction of the vendor was established by the testimony, but there was no evidence to show, and no person other than the plaintiff knew, how much the package contained: *Held*, that the plaintiff was competent to testify as to the sum the package contained when he deposited it in the express office.

*Appeal from Boone District Court.*

TUESDAY, FEBRUARY 2.

EVIDENCE WHERE EXECUTOR IS AN ADVERSE PARTY, ETC. —— Plaintiff made a contract with Joseph Bates, in his lifetime, for the purchase of a certain tract of land, paying down thereon five dollars, and agreeing, on his return home to Illinois, to send by express the balance of the purchase

money, to wit, $1,000, to Bates, in the care of one Kellogg, at Nevada, in Story county, Iowa. The petition alleges that the plaintiff duly sent the $1,000 to Bates, by express, according to agreement; Bates' failure to make the deed, his subsequent death, etc., and seeks to recover from his administrator the said $1,000, and interest.

The material averments of the petition are denied in the answer.

Jury trial, verdict and judgment for the plaintiff. Defendant appeals. The further facts appear in the opinion.

*John A. Hull* for the appellant.

*C. W. Lowrie* for the appellee.

DILLON, Ch. J. — This action is brought against Bates' administrator. Plaintiff introduced evidence tending

1, CONTRACT: parol agreement: prior unstamped memorandum.

to show the contract with Bates in his lifetime, for the purchase of the land. Under this contract, plaintiff paid five dollars down, and agreed to send to Bates $1,000 by express, to the care of Kellogg. The evidence showed that a package purporting to contain money, arrived at Nevada, directed to Bates, in the care of Kellogg. Bates was advised of the arrival of the money in the express office, and on the day before his death stated that the plaintiff had performed his contract, and had a deed drawn up for him. Bates signed this deed, but his wife did not execute it, and it was never delivered. Kellogg, instead of delivering the package containing the money, to Bates, or some one for him, delivered it to one Fowler, who immediately left, and has not since been heard from.

The court instructed the jury, that if Fowler was the plaintiff's agent, and authorized to receive or take the money from Kellogg, the plaintiff could not recover.

It also instructed that if the contract was established by the testimony, and if, according to agreement, the plaintiff sent the $1,000 by express to Bates at Nevada, in the care of Kellogg, and if Bates was thereupon to make a deed, record it and draw the money, and if said money was taken out of the express office by Kellogg and given by him to Fowler without the authority of Sykes, if Bates never conveyed the land, and his representatives now refuse to do so, the plaintiff is entitled to recover.

These instructions were not excepted to, and are not assigned as error. The parol contract accompanied by a payment of part of the purchase-money makes, under the statute, a valid agreement even although there was a prior unstamped written memorandum.

Again, it is argued that the verdict is wrong because there was no delivery of the money to Bates. Under the instructions the jury have found that the money was to be sent, by express, to Bates in the care of Kellogg. That this was the contract of the parties is abundantly established. Bates consented that it should come in care of Kellogg. Kellogg drew the money, and delivered it to Fowler. The jury have found that Fowler was not the plaintiff's agent to receive the money.

2. —— vendor and vendee: delivery of purchase-money to third person.

It must be taken then, that Bates consented that Kellogg should act for him, hence the plaintiff is not responsible if Kellogg failed to deliver the money to the right party.

The assignment of error chiefly relied on, relates to the action of the court in permitting the plaintiff, Sykes, to testify on the trial of the cause. After the plaintiff had introduced evidence to establish the contract and the fact that it was agreed that the money should be sent by express, etc., the plaintiff was offered as a witness in his own behalf.

3. EVIDENCE: where executor is adverse party.

His counsel stated to the court, that they did not offer him as a general witness, but merely to prove that the package sent to Bates contained $1,000. Defendant objected, but the plaintiff was permitted to testify that "on the 3d day of," etc., "I put $1,000 in the express office at Morrison, Ill., in a package directed to Joseph Bates, Jr., care G. A. Kellogg, Nevada, Iowa, and ordered it to be sent as directed; there were two $500 bills; I called the attention of the express agent to the inclosure of the two $500 bills, but he refused to notice them, saying it was contrary to the rules of the company to count money; there was no other person present at the office at the time the money was left."

After this testimony was given the court refused to exclude it, and the defendant excepted.

It is insisted by the defendant, that under section 3982 of the Revision, this evidence is incompetent, because the defendant was the executor of a deceased person, and the fact testified to transpired before his death. In our judgment the testimony was admissible.

The other evidence had established the contract; the fact that the plaintiff was to send $1,000 by express; that a package containing money had been received at the express office in Nevada, directed to Bates, in the care of Kellogg, — all as agreed; but there was no evidence as to how much the package contained. Fowler, who received it from Kellogg, had absconded. No other person than the plaintiff knew how much it contained.

From the necessity of the case, we think it was competent for the plaintiff to testify to the amount or sum that it contained when he deposited it in the express office.

This is analogous to the well known rule which allowed a party, though disqualified to testify generally, to give evidence of the contents of his lost baggage or trunks in an action against a carrier or innkeeper.

The reception of the plaintiff's testimony, under these circumstances, as to the amount of money which the package contained, is not in contravention of the meaning and intention of the statute (§ 3982), although it is apparently against the strict letter of it.

The section of the statute just named did not intend, with respect to cases in which an executor was an adverse party, to make the rule as to the competency of evidence more strict than it was at common law, and at common law the evidence, for the specific purpose for which it was offered and used, was, from the necessity of the case, regarded as competent.

The judgment in this case against the executor is in form erroneous.

It should be corrected, so as to require the sum recovered to be levied of the goods and chattels of the deceased, in the hands of the defendant to be administered. *Voorhies & Co.* v. *Eubank*, 6 Iowa, 274; *Foteaux* v. *Lepage*, id. 123.

The judgment below will be affirmed, and the cause remanded to the District Court, that the correction above suggested may be made.

Affirmed.