THOMSON v. WILSON.

1. **Stamps:** EVIDENCE. The proper time to raise the objection that an instrument is insufficiently stamped, is when it is offered in evidence; and if the instrument be once admitted without objection it cannot be urged, for the first time, in an instruction to the jury that the instrument is invalid for want of a stamp.

2. **Amendment:** VARIANCE. An amendment after verdict, and pending a motion in arrest of judgment, curing a variance between the name of defendant, as stated in the petition and as signed to the promissory note upon which suit was brought, was held to have been properly allowed without terms, it appearing that no prejudice to the defendant could have resulted therefrom.

*Appeal from Benton District Court.*

THURSDAY, DECEMBER 10.

ACTION upon a promissory note alleged in the petition to be lost. Verdict and judgment for plaintiff. Defendant appeals.

*I. M. Preston & Son* for the appellant.

*C. H. Conklin* for the appellee.

BECK, J. — I. During the progress of the trial, a witness for defendant produced the note sued on, which the

**1. STAMPS: evidence.** petition averred to be lost. Defendant thereupon introduced the note in evidence without objection by plaintiff. The defendant asked the court to instruct the jury that, inasmuch as there was no United States revenue stamp upon the note, it was not a valid instrument, and no judgment could be rendered thereon, and that the jury must therefore find for the defendant. This instruction was refused, and the jury were directed that, there being no issue made in the pleadings with reference to the revenue stamp upon the note, it was not a material question for their consideration. These rulings upon instructions are assigned for error.

The note was admitted in evidence without any objection that it was not properly stamped. Being so admitted, the objection could not be raised by an instruction after the cause had gone to the jury. The proper time for such objection is when the instrument is offered in evidence; if made afterward it will not be heard. 2 Parsons on Notes and Bills, Appendix, p. 20; Edwards on the Stamp Act (2d ed. 1863), 235; 3 Parsons on Contracts, 340, 343.

II. The note introduced in evidence is signed in the name of "W. R. Wilson." The name of defendant,

**2. AMEND-MENT: variance.** as it appeared in the pleadings, was "Riley Wilson." The jurat to the answer and amended answers which are sworn to, are signed by defendant in the name of "W. R. Wilson." The defendant moved in arrest of judgment and for a new trial, because of a variance between the evidence and pleadings in the name of defendant. Pending this

motion plaintiff had leave to amend the petition by inserting the name "W. R. Wilson" as the name of defendant. The motion was overruled and judgment entered upon the verdict, all of which is assigned as error. The amendment was properly allowed by the court. No prejudice resulted to defendant thereby. He appeared to the action and made his defense, and in no way was misled by the misnomer, and could not have been surprised by the amendment. It was properly made without terms. Revision, §§ 2977, 2972, 2973.

Affirmed.