### CHAMBERLIN v. ROBERTSON.

### I. Per CURIAM.

1. **Agent: RATIFICATION: VENDOR AND VENDEE: CONTRACT.** Where a person owning lands, after being advised that one acting as his agent has contracted to sell the same upon terms and conditions which he was not authorized to make, assents to the transaction by writing to the agent that he will forward to him a deed to be delivered to the vendee, he will be held to have ratified the agent's acts, and be thereby estopped from afterward denying the binding force of the contract.

2. **Evidence: STAMPS.** The objection that a writing is not stamped must be made at the time it is offered in evidence, and cannot be urged after it has been received without objection. Following *Thompson v. Wilson*, 26 Iowa, 120.

3. **Statute of frauds: CONTRACT FOR SALE OF LAND.** The objection that a contract for the sale of lands is not evidenced by writing is not tenable where a part of the purchase-money was paid, and the vendee entered into possession under the contract.

4. **Husband and wife: CONTRACT WITH WIFE.** A vendor of real estate will not be relieved from his contract, and his obligation to convey thereunder, on the ground that the vendee, being a married woman, is not bound by the contract, and that it is, hence, wanting in mutu-

Chamberlain v. Robertson.

ality, where she has paid part of the purchase-money, entered into possession of the land and erected improvements thereon. Under such circumstances, the contract could be enforced against her in equity, and the unpaid purchase-money be declared a charge on the land.

## II. Per BECK, J.

5. In no case will a person, contracting with a married woman, be relieved from his contract on the ground of want of mutuality, if it appear certain that under the facts of the case he will not be exposed to loss or subjected to injustice by its enforcement.

*Appeal from Cedar District Court.*

TUESDAY, APRIL 25.

ACTION in chancery to enforce the specific performance of a contract to convey certain lands. Upon the final hearing a decree was rendered in accordance with the prayer of the petitioner. Defendant appeals.

*Thomas Hanna* for the appellant.

*Wolf & Landt* for the appellee.

BECK, J. — I. The evidence discloses the following facts: The defendant, who resides in the State of Ohio, was the owner of certain lands in Cedar county. In February, 1867, he addressed a letter to Ingman & Bull who, before that time, were partners in business as real estate agents, informing them that he owned one hundred and sixty acres of land in Cedar county which he thought of selling, and inquiring their terms for selling land, and, in the language of the letter, "collecting and closing up a sale." Upon the receipt of this letter by Ingman, he replied thereto, informing defendant that the firm of Ingman & Bull had been

1. AGENT: ratification; vendor and vendee: contract.

dissolved, and specifying the terms upon which he would undertake to sell defendant's lands, and collect deferred payments. The letter closes with this sentence: "If you conclude to sell, write and state price and terms, and I will sell for you." There was no further correspondence between Ingman and defendant until the June following, when Ingman wrote to the defendant that a party wished to buy his land and desired to know his price and terms, and that this party would give $12.50 per acre for the tract. To this letter defendant replied that he would take $12.50 per acre for the land — one-half cash down and the balance in one year, with interest, to be secured by mortgage upon the property. He closes the letter by saying: "If this offer is accepted, write me, and I will attend to having the papers made out immediately and forwarded." In August following Ingman wrote defendant that he could sell the land for $12.50 per acre — one-third cash, one-third in one year, and one-third in two years, with ten per cent interest, the deferred payments secured by mortgage upon the land. This letter defendant did not answer. In October Ingman wrote defendant as follows: "You will see by deed inclosed that I have sold your land, if you choose to ratify the contract. There is $800 now ready and they will pay the $200, if possible, at the delivery of the deed, and if not, within, say sixty days thereafter, the other $1,000 on or before December 1, 1868, with ten per cent interest from date of mortgage or delivery of deed, with notes secured by mortgage. I think they will pay the $200 at the delivery of deed, and the other they want at their option at December, 1868, or before, if they can pay it. Please return deed stamped," etc. A deed prepared for defendant's signature was inclosed in this letter. Defendant replied to this letter in due time, acknowledging the receipt of the deed and making the following statement in regard to it. "I can't fill it up until the last of the month, as my wife is east and

will not be home until about the last of this month; I will then attend to it immediately." On the 4th day of November following, he again wrote Ingman that his wife would be home in a few days, and adds: "I will fill out those papers and forward them." He states that he may have to go to Iowa City "this week;" if he does go he will see Ingman; if not, he adds, "I will send the papers immediately."

II. Plaintiff paid Ingman in October, at the time he forwarded the deed to defendant, $800. The defendant had no communication with Ingman in regard to the business until November 20th, when he wrote that he would not sell the land. The last letter of Ingman, written on the 21st day of November, informed defendant that plaintiff had fulfilled her agreement and was about to build a house upon the land. This is the substance of all the correspondence between Ingman and defendant. October 18th, plaintiff executed a note and mortgage, according to the terms of her proposition, which were delivered to Ingman, and after the commencement of this suit she paid to the clerk of the district court the amount of principal and interest due thereon. The $800 paid by her to Ingman, he deposited (less his commission) with a banker, taking a certificate of deposit therefor payable to defendant. This certificate has been delivered to the clerk of the district court. The plaintiff went into possession of the land in November — the precise day does not appear — and in that month erected a dwelling-house thereon.

Plaintiff is a married woman, but the payments made upon the land were of her own money, which she had acquired by the sale of property held by her in her own right.

From these facts we draw the following conclusions:

1. Ingman was the agent of defendant in the sale of the land. The first and second letter written by defendant clearly establishes the agency.

2. While the sale made by Ingman was not in accordance with the terms and instructions by which his authority was limited, yet it was ratified by defendant. The two letters of defendant, the first in reply to the letter of Ingman, communicating the fact of the sale and its terms, and the second, explaining defendant's delay in executing the deed, contain unconditional promises to execute the deed and fix a time when he will do so. These letters, being in response to the communication of Ingman, in which defendant is informed of the fact of the sale and its terms, will bear no other interpretation than that of approval and ratification of the transaction. That the letters were intended to convey to Ingman defendant's assent to the sale, and were so understood by plaintiff and Ingman, there can be no doubt. Defendant cannot now be permitted to deny the ratification so unmistakably established. This ratification of the contract of sale operates to make the contract binding upon defendant, as much so as though it had been in accordance with the terms he communicated to Ingman.

III. It is argued that, as the letters between defendant and Ingman are not stamped, they are not competent 2. EVIDENCE: evidence to establish the contract. This objec-
stamps. tion is answered by the simple statement of the fact that these letters were either introduced in evidence by defendant, or their contents proved by him without objection by either party. He cannot now deny their admissibility or destroy their effect upon this ground. *Thompson* v. *Wilson*, 26 Iowa, 120.

IV. It is urged that the contract in question is not sufficiently established by writing to take it out of the 3. STATUTE OF statute of frauds. The ready reply to this
FRAUDS: con- objection is, that plaintiff paid to defendant—
tract for sale
of lands. that is, to Ingman, who we hold was defendant's agent—money upon the contract, and went into the possession of the land with the consent of defendant's agent.

This is sufficient to take the contract out of the statute. Rev., §§ 4006, 4007, 4008; *Sykes* v. *Bates*, 26 Iowa, 521.

V. It is also insisted that as defendant was a married woman, she, herself, was not bound by the contract, and as there is no mutuality between the parties thereto, as to its binding effect, it cannot be enforced against defendant. It will be found, however, upon examination of the authorities, that the rule here contended for is not of universal application, and as to its extent, is quite uncertain. See 2 Parsons on Contracts, 393, 394, and notes.

4. HUSBAND AND WIFE: contract with wife.

An examination of the authorities, and an attempt to deduce rules therefrom, is unnecessary in this case, as we conceive the question involved may be solved upon other principles.

It will be remembered that plaintiff paid to defendant's agent, before the ratification of the contract by defendant, the first payment of $800, and before defendant advised his agent of his refusal to convey the lands, she executed notes and a mortgage to secure the deferred payments. One of these notes was paid before the commencement of the suit, and the other at maturity. It thus appears that plaintiff had partly performed the contract on her part before suit, and fully performed before judgment. The defendant cannot claim to be released from the contract, on the ground that plaintiff was not, when it was entered into, bound thereby. Its performance, on her part, is an answer to this objection.

Admitting that the contract, if it had not been performed or partly performed by plaintiff, could not have been enforced against her, it does not follow that defendant, for that reason, would be relieved from its obligation. The disability of a married woman, whereby she is exempted from the obligation of her contracts, is not created by the law for the benefit of those who contract with her, but for the protection of herself and her husband. Those contracting with

her cannot seek benefits and immunities on account of this disability, nor be relieved of their obligations unless they would be exposed to loss or subjected to injustice by reason of the fact that the contract cannot be enforced against her. If it appears certain that a party contracting with a married woman will not thus suffer on account of her disability, as in the case where she has performed her obligation, or has done that which is the consideration for the promise of the other party, or when the consideration is secure to him, in such cases her disability cannot be set up as a defense to an action against him upon the contract. The foregoing discussion upon this point expresses my own views upon which I am satisfied to rest my conclusions. The other members of the court arrive at the same result by a somewhat different course of reasoning. They are of the opinion that under the circumstances of the case — the part payment of the purchase-money before suit, the possession of the land and improvements made thereon by plaintiff, and the beneficial nature of the transaction as to plaintiff — the contract could in equity be enforced against plaintiff and the unpaid purchase-money declared a charge upon her separate estate. There is not such a lack of mutuality as would defeat the recovery by defendant in case plaintiff had failed to perform fully her part of the contract. Neither can it be considered, that mutuality is so wanting in this case, where the plaintiff is seeking to enforce the contract, as to defeat her action.

The evidence shows that plaintiff has fully performed her contract. She has paid all the money, a part to defendant's agent and the balance into court. The law and good conscience demand that defendant be required to convey to her the lands in question. This relief the decree of the district court justly awards her. In our opinion it should be

                                    Affirmed.