## NEEF v. REDMON, *Appellant.**

Married Woman: CONTRACT FOR LAND: SUBSEQUENT PURCHASER WITH NOTICE. A vendor who has contracted in writing to convey land to a married woman, and has received part of the purchase money, is so far bound that he cannot rescind without tendering back the money; and one purchasing from him with notice of the contract will take subject to her equitable right, so that if the vendor afterward conveys to her, she may maintain an action against him for the title.

*Appeal from Tipton Common Pleas Court.*—HON. GEO. W. MILLER, Judge.

AFFIRMED.

---

*Decided March 15th, 1881.

Action by Mary G. Neef, a married woman, and Her-man, her husband.

*Smith & Krauthoff* and *Edmund Burke*, for appellant, argued that Mrs. Neef, being a married woman, could make no contract for the purchase of real property, which bound her at law; and as the one she·made did not bind her, it could not bind Hazell and take away his power to make another contract for the sale of the property with a person capable of contracting.

*Draffen & Williams, J. E. Hazell* and *Owens & Wood* for respondents, cited, as to the obligation of the·contract, *Ivory v. Murphy*, 36 Mo. 541; *Moore v. Mountcastle*, 61 Mo. 424; as to notice, *Major v. Bukley*, 51 Mo. 227; *Gibson v. Lair*, 37 Mo. 188; *Young v. Cason*, 48 Mo. 259; *Nulsen v. Wishon*, 68 Mo. 383.

HENRY, J.—Mary G. Neef contracted in writing with L. S. Hazell for the purchase of an undivided half of a lot of ground owned by said Hazell, paying him $5 of the purchase money, $350, and agreeing to pay the balance on ·or before the 18th day of December, 1877, at which time on payment of said balance Hazell was to execute a deed conveying said interest.   On the next day after this contract was made, the defendant proposed to and did purchase the said Hazell's interest, and received a deed therefor. It is charged in the plaintiffs' petition, and there was abundant evidence to the effect, that defendant before his purchase was informed of the particulars of the contract between plaintiff and Hazell, and took advantage of the intoxication of the latter to procure the sale and conveyance to himself of the property in controversy.   After the sale and conveyance to the defendant, Hazell, in pursuance of his contract with Mrs. Neef, executed a deed conveying to her the said property, and this is a suit to set aside the deed from Hazell to the defendant and for general relief.

On the hearing of the cause the circuit court found for plaintiffs and entered a decree vesting the legal title to the lot in Mary G. Neef, and defendant has prosecuted his appeal.

This is a case of the first impression in this court, and there is a lamentable dearth of authority on the question involved.

"As a general rule, a married woman cannot, except in special cases, contract as a *femme sole*, nor as such sue or be sued." Cord on Rights of Married Women, § 532. "Any form of contract which she may make, is as to her, a nullity." 1 Bishop on the Law of Married Women, § 39. But it by no means follows, that one cannot bind himself by a contract with her. She cannot bind herself personally, by any contract she may make. It is not, like most contracts of an infant, voidable only, but, while it remains wholly unexecuted on her part, is absolutely void. Not binding her, it cannot be enforced against the party contracting with her. The element of reciprocity or mutuality is absent. A contract executed by her, in whole, or in part, and remaining executory on the part of the person contracting with her, occupies a different footing. If she has executed her part of the contract, he cannot say there is no consideration for his agreement. "If she has done all on her part required by the contract, it will be enforced against the other party," and it makes no difference that she could not have been compelled to perform the agreement. 2 Bishop on the Law of Married Women, § 250. "But if the agreement rests merely in mutual promises, then, on principle, as the promise of the married woman is a nullity, it cannot constitute a consideration for the promise of the other party; therefore it is void as to him." Ib.

Conceding that he might rescind the contract by tendering to her what he had received in part performance of the contract on her part, shall he retain what he has thus received and refuse to perform his contract, on an offer by

her to complete the performance on her part? It is not the case of a mere payment of money on a verbal contract and an attempt to enforce specific performance because there has been a part performance of the contract. Here is a contract in writing signed by the party to be charged, and while the contract as to the other party is a nullity as long as it is entirely executory on her part, and, therefore, not binding on him, it ceases to be a nullity, as to him, when she has executed her agreement, either in whole or in part. If after having received a part of what she was to give, he may still rescind the contract, because he cannot compel the performance of the balance of her contract, equity will not let him do so without returning, or offering to return what he may have received from her in part performance; but will regard the contract as possessing sufficient vitality, as against him, to enable her to get what she bargained for, unless he will place her in *statu quo*, by returning what he has received from her.

The principle which exonerates her from personal liability on any contract she may make, is a shield for the protection of herself and husband, and is not to be used as a weapon for their destruction. "If an infant disaffirms a sale he has made, and reclaims the property he sold, it seems now well settled that he must return the purchase money." 1 Parsons on Contracts, 321. Until the return of the money received in part payment for the property, from a married woman, by one who has contracted with her, she has an equitable interest in the land bargained for, and any one purchasing with notice of her contract does so at his peril.

In the case of *Chamberlain v. Robertson*, 31 Iowa 410, somewhat similar to the case at bar, there was a purchase by a married woman of a tract of land and part payment of the purchase money. The defendant refused to convey to her, on the ground that she was a married woman, and as the contract could not have been enforced against her, neither could it be enforced against him. In delivering

the opinion of the court, Beck, J., observed: "Admitting that the contract, if it had not been performed or partly performed, by plaintiff, could not have been enforced against her, it does not follow that defendant for that reason, would be relieved from his obligation." It is proper to add that a majority of the court in that case held the plaintiff entitled to relief, on the ground that she had paid part of the purchase money, taken possession of the land, and made improvements thereon, and because of the beneficial nature of the transaction as to her.

So far as the statute of frauds has any application to the case, it is fully satisfied by the signature of the defendant to the contract; and while he might have avoided that contract, as long as it had no consideration to support it, except the promise or agreement of a married woman, that is a matter of controversy outside of the statute of frauds, and the receipt of a part of the purchase money, and an attempted rescission, without returning or offering to return it, is a matter of which equity will take cognizance. Here there is a contract in writing to satisfy the statute of frauds, and a right under that contract by reason of its part performance by the plaintiff, which a court of equity is bound to protect and enforce against one who purchased the property with full knowledge that it had been previously purchased and partly paid for by her.

The case stands with the payment of only $5, as if all the consideration were paid but $5. The principle involved is precisely the same.

If Hazell had offered to return the $5 received of the plaintiff, a different question would have been presented, but as it is not in the case, we would not be understood as deciding it. So far from offering to return to her the money she paid, he has received the balance without any objection, and executed a deed conveying to her the property.

The judgment is affirmed. All concur, except SHERWOOD, C. J., who dissents.