OVERSPECK *et al.* v. THIEMANN, *Appellant.*

1. **Practice**: HUSBAND AND WIFE: SUIT BY WIFE: JOINDER OF HUSBAND. Where a wife, who had lived separate and apart from her husband for many years, made him a co-plaintiff with her in a suit, without his knowledge or consent, and the husband did not appeal from the judgment below, nor except to the rulings of the trial court on this point, the defendant cannot make the objection for him, upon appeal.

2. **Contract to Execute Deed**: SPECIFIC PERFORMANCE. The evidence in this case, which was a suit to enforce the specific perform.ance of a contract to purchase land, held sufficient to establish that the agreement had been to convey to plaintiff an estate in fee-simple, and not a life estate.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Zach J. Mitchell* for appellant.

(1) A party can only become a plaintiff and only be made a defendant under the provisions of the statute. (2) The rights of an abandoned wife, at the time of said contract, are limited, by the provisions of section 3296, Revised Statutes, 1879, and only in 1883 (see Session Acts, 1883, p. 113), assumed its present proportions, neither of which authorizes a proceeding as here sought to be enforced.

*R. H. Stevens, Jr.,* for respondents.

RAY, J.—This was a proceeding in equity, to enforce the specific execution of a contract for the purchase of certain real estate, mentioned in the petition, the land in question being a certain five-acre tract, lying, being,

and extending along the west side of the southeast quarter of the northeast quarter of section 15, township 45, range 5, east, in St. Louis county.

The amended petition, on which the cause was tried, was filed January 21, 1884, and is to the effect following: That plaintiffs were husband and wife; that on March 1, 1874, the defendant was the owner in fee of said real estate; that the plaintiff, Martha Overspeck, on the day last aforesaid, entered into a contract with defendant, for the absolute purchase of all of defendant's estate in the said land, for the price and sum of four hundred dollars; that defendant agreed to accept said sum as the consideration for his estate in said land, and then and there agreed to make, execute, and deliver to plaintiff, Martha Overspeck, a good and sufficient deed, conveying to said Martha the fee-simple estate in said land, upon the payment to him of said sum of four hundred dollars; and thereupon the plaintiff, Martha Overspeck, paid defendant the said four hundred dollars, and fully performed, all and regular, on her part, said contract; and the defendant thereupon delivered to said plaintiff, Martha, the possession of said land, who is, and ever since has been, in the possession thereof, and has also erected thereon a good and substantial dwelling-house, stable, and other improvements, to the value of six hundred dollars. The plaintiff, Martha Overspeck, further states that she has often demanded of defendant a good and sufficient deed to and for said land, according to the terms of said contract, but that he has wholly failed and refused, and still fails and refuses, to perform his contract aforesaid, whereupon plaintiff prays that said defendant may be decreed to specifically perform his said contract, and to make, execute, and deliver to plaintiff, Martha Overspeck, a good and sufficient deed, conveying to, and vesting in, said Martha Overspeck, the fee-simple estate in and to said land, and for such other relief as may be just and proper.

The answer of defendant was, first, an admission of his ownership of said land, but a denial of all other allegations contained in the petition; second, that, at the solicitation of plaintiff, Martha, and in consideration of four hundred dollars, to him paid by said plaintiff, Martha Overspeck, he verbally *leased* and let said land to said plaintiff to use, have, hold, and enjoy, by her, for and during her natural life; or for such lesser period as she might elect, conditioned that she and her children, only, should occupy the same; and that, in case she should abandon, or desire to vacate the same, or at her death, the said tract of land should revert to and be turned over to him, the defendant, upon his returning to said Martha Overspeck, if living, or, in case of her death, then to the children and heirs at law of said Martha, the said four hundred dollars, so paid over and held by him, as aforesaid. Defendant states that he has fully performed said contract, on his part, and stands ready and willing to execute to plaintiff his deed of conditional life estate to said land, as aforesaid, and here tenders such deed; or, upon said Martha's electing to abandon said lands, and deliver possession thereof to defendant, he is ready and willing, and here tenders, to restore to her the said sum of four hundred dollars, so received by him of her, in consideration of being permitted to hold, use, and enjoy said land, upon the terms and conditions aforesaid.

The reply was a general denial of the new matter set up in the answer. Upon a trial before the court, upon the pleadings and the evidence, there was a finding of the issues for the plaintiff, Martha Overspeck, and a decree of specific execution of the contract, accordingly, from which the defendant, after an unsuccessful motion for a rehearing, appeals to this court.

From the pleadings, it will be observed that the only controverted question between plaintiff and defendant was, whether the contract in question was for the abso-

lute purchase of the fee-simple title to said land, as claimed by plaintiff, or for a lease, or life estate, only, conditioned, as claimed by defendant.    The only witness testifying directly on this point was the plaintiff, Martha Over-speck, and the defendant, each testifying explicitly as charged, respectively, in the petition and answer.    Besides this, there were indisputable facts and circumstances bearing on this point that will be noticed in the progress of the opinion.    At the trial, the evidence in the cause developed other facts and circumstances, upon which other questions were attempted to be raised, which, also, will be noticed hereafter.

As to the main and controlling question in the case, presented by the pleadings, there is no dispute, as to the fact that the plaintiff, Martha, paid the defendant, at the time of making the contract, the purchase price of four hundred dollars; that defendant, thereupon, delivered her the possession of said land; and that she, thereupon, made various valuable and permanent improvements thereon, consisting, among others, of a dwelling-house, stable, cistern, and the like, at a cost of about six hundred dollars, and has, ever since, held and occupied the same, under claim of title, and that she had repeatedly demanded of defendant a deed therefor, as claimed by her, and that he had refused to make and deliver such a deed, but had tendered a deed in conformity to his view of the contract, or a return of the purchase money, at her election, which she declined to accept.

It also appeared in evidence that the defendant, a few days before said contract, had bought the forty-acre tract, of which the five-acre lot in question was a part, at and for the price of seventy-five dollars per acre; and that the plaintiff, Martha, paid him for the five acres at the rate of eighty dollars per acre, making four hundred dollars, and, thereupon, on the faith thereof, had made and erected valuable and lasting improve-

ments thereon, to the value of six hundred dollars ; that, at the time of the contract, the plaintiff, Martha Overspeck, with her children by a former marriage, had been living separate and apart from her present husband, Joseph Overspeck, some eight or nine years, and deriving no support from him ; and that she paid the purchase money, and made said improvements with her own means, and had continued to reside upon said five-acre lot, with her said children, for some eight or nine years before this suit was commenced ; and that defendant, in trading with her, supposed her to be a widow, and unmarried.

At the trial it further appeared that it was agreed, among other things, that the evidence of Joseph Overspeck, the husband and co-plaintiff, on behalf of defendant, if competent, was to the effect, among other things, that her claim to the property in question was acquired without his knowledge or consent, as was this suit instituted, and that he never consented to being made a party plaintiff thereto, but has always been opposed to her recovery herein, as it only encouraged her in her abandonment of his bed and board. On this point, also, it was agreed, that the plaintiff, Martha, would state, that she did not ask him ( the husband ) to join in the suit with her ; nor did he have any knowledge of the suit, or in any way consent thereto. There was other unimportant testimony in the case not necessary to notice.

Upon this state of the record, a reversal is here insisted on by defendant's counsel, for two reasons. (1) There was no authority, in law or equity, in the court to retain and force Joseph Overspeck to be and remain a party plaintiff therein. (2) The finding of the court, upon the law and the evidence, should have been for the appellant. As to the first point, it is, perhaps, sufficient to say that the co-plaintiff husband did not appeal from the judgment below, nor except to the rulings of the

court on this point, and is not here complaining, and that it does not lie in the mouth of the defendant to make that objection for him.

On the other point, which is the only real question presented by the record, it is to be observed that, while the direct testimony of the plaintiff, Martha Overspeck, and the defendant, Thiemann, as to the terms of the contract, or whether it was for the fee, or a life estate only, conditioned, as alleged by defendant, are in direct conflict with each other, yet the undisputed facts and circumstances accompanying the transaction show, we think, with reasonable certainty, if not to a demonstration, that the contract in question was for the "fee of the land," as charged by the plaintiff, Martha. In this behalf it is shown that defendant, a day or two before the contract in question, bought the forty-acre tract, of which that in controversy is a part, for the price and sum of seventy-five dollars per acre, and that plaintiff, Martha, paid him at the rate of eighty dollars per acre for that portion she purchased. There is nothing in the evidence tending to show that the five-acre tract was of more than an average value to the entire tract. It also appears that, immediately thereafter, the plaintiff, Martha, on the faith of said contract, took possession, and expended six hundred dollars more, in the making and erection of valuable and lasting improvements thereon, and has continued to occupy and claim the fee, in the same, besides paying the taxes thereon. It is a little strange and unlikely, to say the least of it, that she should have paid in cash the full value of the fee, in the property, and then expended, in addition thereto, largely more than the full value, in permanent and valuable improvements thereon, for the uncertain and inadequate consideration of a life estate only, coupled with the promised conditioned return of the purchase money only at her death, or earlier, if she chose to abandon the same to defendant.

Overspeck v. Thiemann.

The evidence is, that she had been living separate and apart from her husband some eight or nine years before the purchase, and about the same length of time after the purchase, without deriving any support from her said husband, during all that time. Why this is so, may not clearly appear; nor is it material. It is true, that, while the pleadings contain no allegation and present no issue on the point, and while the agreed statement shows that the co-plaintiff husband would testify, if competent, to the effect, that, as husband of plaintiff (Martha) he never abused, or ill treated her; that she abandoned his house and bed, in St. Louis county, without cause, some sixteen years ago; yet the decree of the court on this point recites, in its findings, that the plaintiffs were married in 1862, and lived together until about 1865, when the plaintiff, Martha Overspeck, was compelled, by the cruel and barbarous treatment of Joseph Overspeck, to leave his house and home, and ever since that time has lived separate and apart from him. The record does not disclose how, when, or where the wife obtained the means with which she made the purchase and improvements, yet, the whole case tends to show that they were hers, or, at least, not provided by the husband.

Taking the whole case, in all its aspects, and examining its testimony, facts, and circumstances, in all their bearings, we have not been able to agree with defendant's counsel, that "the finding of the court, upon the law and the evidence, should have been for the appellant." On the contrary, we are of opinion that the finding and judgment of the court were for the right party, and ought to be affirmed, and it is accordingly so ordered. *Neff v. Redman*, 76 Mo. 195, and cas. cit.; Bishop on Married Women, secs. 39, 250; *Chamberlain v. Robertson*, 31 Iowa, 408. All concur, except Sherwood, J., who dissents