CASE 31—RESCISSION—OCT. 25.

# Holmes v. Holmes, Etc.

### APPEAL FROM PENDLETON CIRCUIT COURT.

1. RESCISSION—TITLE PERFECTED BEFORE SUBMISSION.—Unless time be of the essence of the contract, a petition for rescission will be denied if the title be perfected before the hearing.

2. SAME—DEED OF MARRIED WOMEN.—Whether a deed of a married woman be or be not void, a vendee in possession will not be entitled to a rescission when a good deed is tendered before the hearing.

3. SAME—RESTORING THE STATUS.—In this case, it would be inequitable to rescind because the parties can not be restored to the condition existing before the conveyance was made.

4. SAME—PLEADING MISTAKE.—A plea of mistake in the execution of a note as to the time of payment is not good unless it allege that the maker of the note thought that there was a stipulation in it on that subject different from the actual state of facts.

J. T. SIMON FOR APPELLANT.

Counsel discussed the points embraced in the syllabus and urged further that the evidence showed that at the time of the execution of the deed of Mrs. Amanda Holmes, tendered *pendente lite*, she was incompetent to execute same. Upon the matters of law, counsel cited: Bohannon v. Travis, 14 Ky. Law Rep., 912; Ky. Stats., sec. 506; Rogers v. Brooks, 30 Ark., 612; 39 Am. Dec., 453; 45 Am. Dec., 371; Carr v. Williams, 10 Ohio St., 305; Story's Eq., vol. 1, sec. 306; Newman v. Moore, 94 Ky., 147; Ray, &c. v. Bank of Kentucky, 3 B. Mon., 513; Powell v. City of Covington, 2 Met., 226.

JOHN H. BARKER FOR APPELLEES.

1. AS TO PLEADINGS.—1 B. M., 194; 16 B. M., 6; 6 B. M., 120; 1 J. J. Mar., 411; 2 Duv., 249; 78 Ky., 475; 86 Ky., 254; 9 Ky. Law Rep., 525; 3 Mar., 335; 5 J. J. Mar., 100; Same, 425; 2 Dana, 279; 5 B. M., 540; 7 B. M., 100; 7 Bush, 444; 1 Dana, 308; 14 Bush, 677; 78 Ky., 607; Clark on Contracts, p. 268, 255.

2. EXCEPTIONS TO REPORT OF SALE.—12 Ky. Law Rep., 361; 15 Ky. Law Rep., 157; 13 Ky. Law Rep., 197; 6 Bush, 55; Ky. Stats., secs. 2362, 2363, 1682 sub-sec. 2; 6 Bush, 55; 10 Ky. Law Rep., 419.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

Amanda Holmes, a married woman, was the owner of two tracts of land in Pendleton county; and on the 18th of November, 1892, she sold and conveyed the same by warranty deed to the appellant, at the price of $1,347.81, $542.50 of which was paid in hand, and two notes executed for the remainder due the 1st of March, 1894, and the 1st of March, 1895, respectively. The vendee entered upon and took possession of said land. It further appears that on December 24, 1894, the said Amanda Holmes, by writing, assigned said notes to the appellees, S. J. and J. R. Holmes, who on the 6th of September, 1895, instituted suit in the Pendleton circuit court, seeking to recover judgment upon said notes, and for a sale of enough of the land aforesaid to satisfy the same. It further appears that before the institution of the said suit the said Amanda became discovert, and was then a single woman. At the October term, 1895, of the court, the appellant filed his answer and cross-petition, in which it is alleged that at the time of the execution of the deed the said Amanda was a married woman and that by mistake of appellant and her they thought she could make a valid deed, but that the deed passed no title to him, and that the notes are without any consideration.

It is further alleged that at the time of said conveyance and execution of the notes the agreement was that appellant should have as long a time to pay off and discharge said notes as he desired, and upon which condition he executed the same, relying upon the promise of his said mother to indulge him, and with said understanding he paid thereon $420.66, and relying upon his said mother's promise, he did not require a writing to that effect.

That said deed ought to be canceled and held for naught, as well as the notes, and the money paid to the said Amanda by him ought to be refunded, and the land ought to be sold to satisfy his claim therefor, if necessary. If this can not be done, then the said notes ought to be reformed so as to express said contract between the parties. And he asked that the said Amanda be made a party to this suit.

On the 7th of January, 1896, the appellees filed an amended petition, in which it is alleged that the said Amanda Holmes was a single woman at the time of the institution of this suit, and that on the 6th of November, 1895, she executed, acknowledged, and delivered to the appellant a new deed to said land in order to cure any supposed defect in the original deed; and they also asked that she be made a party to the suit. A copy of said deed is filed with the amended petition.

On the 14th of January, 1896, the said Amanda Holmes tendered her answer to the amended petition, and admitted the statements contained therein, and joined with the plaintiffs in tendering to the defendant the deed filed in said amended petition.

On January 14, 1896, the amended petition filed in vacation was noted of record, and the answer of Amanda Holmes was filed. It further appears that the partial demurrer of plaintiffs to the answer of defendant was sustained in so far as the answer set up an agreement to give defendant as much time as he desired to pay the notes in suit.

On 23d January, 1896, the appellant filed an amended answer and an answer to amended petition, in which it is alleged that by mistake of Amanda Holmes the stipulation in regard to giving the defendant further time than

stated in the notes was omitted and not inserted in said notes, which stipulation was a part of the contract. He again relied upon the allegation that the deed was void and the notes without consideration, and asked for a re-scission of the contract, and for an enforcement of the lien on the land for the said purchase money so paid by him. The answer also denied that the said Amanda Holmes by the execution of the said deed cured the defect that existed in regard to the land attempted to be conveyed. Says he does not accept the deed, and ought not to be required to do so after he filed his answer and cross peti-tion herein seeking a rescission of the contract, that he ought not to be compelled to take said land or pay there-for, and that the contract of sale was an unexecuted con-tract, and the parties thereto have no right to make a supplemental contract without his consent, and he de-clines to accept said deed. It is further alleged in the au-swer that at the time of the execution of the new deed, the said Amanda had not sufficient capacity to understand the effect of the instrument; that she is 72 years old, and has been in feeble health, and had become incompetent to manage her estate, from confirmed bodily infirmity and weight of age. The demurrer was sustained to the first paragraph of the petition, and overruled as to the others. The reply may be considered as a traverse of the affirma-tive allegations of the answer. The court upon final hear-ing rendered judgment in favor of plaintiffs for the amount claimed, and adjudged to them a lien upon the land in contest to secure the same, and adjudged a sale of enough thereof to pay the judgment aforesaid, and pursuant thereto the land was sold, and appellant's exceptions to the report of sale were considered and overruled by the court; and from these judgments appellant prosecutes this appeal.

We are of opinion that the exceptions to the report of sale were properly overruled, and it seems clear to us that the appellant failed to show want of capacity upon the part of Amanda Holmes to understand and execute the deed tendered with the amended petition.

The demurrer to so much of the answer as attemped to plead a mistake was properly sustained.  It nowhere appears that the appellant thought that there was any stipulation in the notes different from the real statements therein.

It is, however, insisted for appellant that inasmuch as the original deed passed no title to him, on account of the coverture of the vendor, the contract was absolutely void, and that it could not be enforced against the vendor, and, this being true, he insists that it can not be enforced as against him.

It may be true that such contracts of a married woman are void and not susceptible of ratification

This record discloses the fact that the vendor is the mother of appellant, and that he had the undisputed possession and control of the land from the time of sale to the institution of this suit, and it does not appear that any one was disputing his title, or likely to do so.

It further appears that as soon as he manifested any dissatisfaction with his conveyance a perfect title was made and tendered to him.

It is said in Logan v. Bull, 78 Ky., 608, that the modern rule is that, although the title may be in the wife when the contract is made with the husband, if the latter is ready to comply by tendering such a conveyance as will pass the title the chancellor will adjudge a specific performance.

We have not been referred to any case where the

vendee in the undisturbed possession of the land was adjudged a rescission, if the vendor was able and willing to convey a good title, unless time was of the essence of the contract.

It is suggested that this case does not come within the rule announced, for the reason that the contract was not enforceable against the vendor, but we are of opinion that such a contention is not tenable in this case. It is manifest that the appellant was cognizant of all the facts. He knew that his mother was a married woman at the time of the purchase, and is presumed to know the law; and, as before remarked, he had undisturbed possession of the land, and made no objection to the title until payment of the residue of the purchase money was attempted to be enforced.

We know of no case in which a rescission has been adjudged under substantially the same conditions surrounding this case. Substantially the same question involved in this case was decided by the Supreme Court of Iowa in Chamberlain v. Robertson, 31 Iowa, 408. In that case an executory sale had been made of real estate to a married woman. It could not have been enforced as to her on account of her coverture, but she sought a specific enforcement of the contract. The vendor sought to avoid the contract on account of the lack of mutuality. But Beck, J., said in the opinion in that case that in no case will a person contracting with a married woman be relieved from his contract on the ground of want of mutuality, if it appears certain that under the facts of the case he will not be exposed to loss or injustice by its enforcement.

It is further said in the opinion *supra*, "The disability of a married woman, whereby she is exempted from

the obligation of her contracts, is not created by the law for the benefit of those who contract with her, but for the protection of herself and husband."

Moreover, it seems impossible in this case to place the parties in substantially the same condition that they were before the sale was made. It would therefore be inequitable to adjudge a rescission in this case.

Judgment affirmed.