**In the Matter of the ESTATE OF Philip T. KELLY, Deceased,**

**David C. Bauer, Executor of the Estate of Philip T. Kelly, Appellant,**

v.

**Robert H. Forrester, Appellee.**

No. 02–1578.

Supreme Court of Iowa.

Nov. 13, 2003.

James M. Heckmann of James M. Heckmann Law Offices, P.C., Dubuque, for appellant.

Thomas C. Verhulst of Gallagher, Langlas, Gallagher, P.C., Waterloo, for appellee.

LARSON, Justice.

The executor of the estate of Philip Kelly challenges the district court's denial of his motion for summary judgment against a claimant in the estate. The claimant, Robert Forrester, challenges the court's failure to grant his cross-motion for summary judgment. We affirm the denial of the estate's motion for summary judgment and remand for entry of a judgment in favor of the claimant.

## I. *Facts and Prior Proceedings.*

Forrester sued Philip Kelly in a federal district court in Connecticut. During the pendency of the suit, Kelly died, and Forrester successfully moved under federal procedure to substitute Kelly's executor as defendant. At the conclusion of the case, Forrester was awarded a judgment for $1,603,194.47. Forrester attempted to collect the judgment by filing a claim in Kelly's estate, which was pending in Iowa. The estate denied the claim and filed a motion for summary judgment on the ground the claim was untimely. Forrester filed a cross-motion for summary judgment asking the court to order the estate to pay the judgment. The court denied the estate's motion for summary judgment, but did not rule on Forrester's cross-motion.

Forrester requested the court to rule on his cross-motion by filing a motion to expand under Iowa Rule of Civil Procedure 1.904. The estate resisted that motion on the ground the estate had appealed the court's order, thereby depriving the district court of jurisdiction. The court entered an order denying "all pending motions," presumably including Forrester's motion to expand the earlier ruling. Forrester did not seek a remand to allow the district court to rule on the cross-motion. Apparently, the district court still has not ruled on the cross-motion. This places the appeal in an interesting procedural posture because the case was not finally resolved in district court—an issue we address later.

## II. *The Issue.*

The only issue in this case is whether Forrester's claim in the Iowa estate was timely. Under Iowa Code section 633.415 (1997),

> [a]ny action pending against the decedent at the time of the decedent's death that survives, shall also be considered a claim filed against the estate if notice of substitution is served upon the personal representative *as defendant* within the

time provided for filing claims in section 633.410....

(Emphasis added.) The "time provided for filing claims" referred to in this section, Iowa Code 633.410, provides:

All claims against a decedent's estate ... are forever barred against the estate ... unless filed with the clerk within the later to occur of four months after the date of the second publication of the notice to creditors or, as to each claimant whose identity is reasonably ascertainable, one month after service of notice by ordinary mail to the claimant's last known address.

The estate's second notice to creditors was published on December 18, 1997. The estate mailed notice to Forrester on February 2, 1998. Iowa Code section 633.410 requires claims to be filed within the *later* of four months after the date of the second publication of the notice to creditors (which was April 19, 1998) or one month after service by ordinary mail to the claimant's last known address (which was March 2, 1998). Forrester filed his claim in the Dubuque County estate on April 10, 1998, which was well before the April 19, 1998 expiration of the claims period.

The executor, however, makes an interesting argument: the claim was not timely because section 633.415 requires it to be "served upon the personal representative *as defendant* within the [claims period]." (Emphasis added.) The executor's argument is that the probate claim served on April 10, 1998, could not have been served on the executor "as defendant" under section 633.415 because the executor was not yet a defendant in the *federal case*. (Substitution in the federal case was ordered on April 19, 1998.)

In making this argument, the executor has confused his status as a "defendant" in section 633.415 with his status as a defendant in the prior federal suit. He was a

defendant in the federal case because the federal court ordered it. He was a defendant, for claims purposes, under section 633.415 because our statutes require that the executor be named as the defendant in a probate claim. The two concepts have no connection. Under Iowa probate procedure, *all* claims against an estate are to be filed against the personal representative as "defendant." Iowa Code section 633.420, applying to all estates, provides:

All claims filed against the estate *shall be entitled in the name of the claimant against the personal representative* as such, naming the estate, and in all further proceedings thereon that title shall be preserved.

(Emphasis added.) While section 633.420 does not state the personal representative is to be named as a "defendant," our cases have interpreted that statute to require it. *See, e.g., Voorhies & Co. v. Eubank,* 6 Iowa 274, 278 (1858) (personal representative to be named as defendant); *see also In re Estate of Steinberg,* 443 N.W.2d 711, 714 (Iowa 1989) (personal representative, not estate, to be named as defendant; however, naming estate as defendant not fatal error); *Wise v. Outtrim,* 139 Iowa 192, 199, 117 N.W. 264, 267 (1908) (same).

*Voorhies* explained why the personal representative, not the estate, is named as the defendant in a probate claim. If an estate is named as defendant, it is thought this leads to confusion about who takes responsibility on behalf of the estate. Also, at least in early years, an adjudication could not be entered against an artificial entity such as an estate. *See Voorhies,* 6 Iowa at 278.

The executrix, and not "the estate...," should have been the defendant in the suit. No judgment or adjudication could have been made against "the estate" as defendant, as against a

natural person. It is a confusion of terms, as well as of ideas, to adopt such a form of expression. This confusion is most notably exemplified in the present record. A judgment is rendered in the county court, against "The Estate..." as defendant, and the executrix takes an appeal to the district court. In that court, the proceeding is carried on against "the estate...," as defendant; but judgment is rendered against [the]... executrix..., and "The Estate..." takes the appeal to this court. As the parties have taken no exception to this form of entry and proceeding, in the district court, but have permitted it to pass unquestioned, we have perhaps gone aside in making this much comment upon it. We take occasion, however, while the subject is up, to express our strong disapprobation of the practice of making up the records of the county and district courts, in such carelessness and confusion.

*Id.*

We believe the same rationale underlies the requirement in section 633.415 that the executor be named as defendant. We reject the executor's argument that the timing of his substitution as defendant in the federal case controls. In fact, the executor's lack of status as a defendant in the federal case when the probate claim was filed is irrelevant in applying section 633.415. Service of the probate claim was timely.

### III. *Disposition.*

We affirm the district court's denial of the estate's motion for summary judgment. The only issue raised by either party is whether Forrester's claim was timely under section 633.415. We have concluded as a matter of law that it was. This leaves the question of how to resolve the case in view of the apparent lack of finality in the district court's order. Our conclusion that the notice of claim was timely disposes of the issues raised by both parties. Our holding on that point would be binding as the law of the case on any remand that might be ordered by us for the purpose of allowing the district court to enter a final ruling. *See Ahls v. Sherwood/Div. of Harsco Corp.*, 473 N.W.2d 619, 623 (Iowa 1991) (applying principles of pragmatic finality). There are, therefore, no remaining issues to be tried on remand. In view of our disposition, it is unnecessary to address Forrester's claim that the issue has been resolved in his favor, under res judicata principles, by the federal court's actions.

We affirm the district court's denial of the estate's motion for summary judgment and remand for entry of an order granting Forrester's cross-motion for summary judgment.

**AFFIRMED AND REMANDED.**

All justices concur except WIGGINS, J., who takes no part.