KNOOP et al. v. ANDERSON et al.
Civil Action No. 456.

District Court, N. D. Iowa, W. D.

April 8, 1947.

834

Stewart & Hatfield, of Sioux City, Iowa, for plaintiffs.

Stilwill, Brackney, Stilwill & Wilson, of Sioux City, Iowa, for defendants.

GRAVEN, District Judge.

Case involving validity of Iowa statutory provision providing for service on foreign executors and administrators in motor vehicle cases. On April 22, 1946, the defendant Merlin Anderson was driving a truck on a street in the City of Sioux City, Woodbury County, Iowa. The truck was owned by his father Chris Anderson. It is the claim of the plaintiff that the defendant Merlin Anderson operated the truck in such a negligent manner that he ran into and severely injured the plaintiff. The plaintiff is a resident and citizen of the State of Iowa residing in the City of Sioux City, Woodbury County, Iowa. Woodbury County, Iowa, is in the Northern District of Iowa. The truck was owned by Chris Anderson the father of Merlin Anderson. Merlin Anderson was operating the truck at the time and place with the knowledge and consent of Chris Anderson. The defendant Merlin Anderson was and is a resident of the State of South Dakota. Chris Anderson was a resident of South Dakota. Subsequent to the claimed mishap, Chris Anderson died intestate a resident of the State of South Dakota. The defendant Alma B. Anderson was appointed administratrix of the estate of Chris Anderson by the South Dakota probate court and qualified as such and is still acting as such. The decedent Chris Anderson owned no property in Iowa at the time of his death. No ancillary administration has been had or is being had in the State of Iowa. Subsequently the plaintiff brought an action in the state district court in Woodbury County, Iowa, asking for damages for his injur-

ies in which Merlin Anderson and Alma B. Anderson, administratrix of the estate of Chris Anderson, deceased, were named as defendants. Service was made upon both defendants under the Iowa Non-Resident Motorist Service Act. Upon application of both defendants the action was removed to this court upon the ground of diversity of citizenship. The defendants subsequently filed a joint answer. This court on its own motion set down for hearing the question as to whether it had jurisdiction as to Alma B. Anderson, administratrix of the estate of Chris Anderson, deceased. A hearing was held on that question and the question of jurisdiction submitted to the Court. The pertinent portions of the Iowa Non-Resident Motorist Service Act (Code of Iowa 1946) are as follows:

"321.498 The use and operation of a motor vehicle in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:

"1. An agreement by him that he shall be subject to the jurisdiction of the district court of this state over all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation, and

"2. An appointment by such nonresident of the commissioner of the public safety department of this state as his lawful attorney upon whom may be served all original notices of suit pertaining to such actions and proceedings, and

"3. An agreement by such nonresident that any original notice of suit so served shall be of the same legal force and validity as if personally served on him in this state.

"321.499 The term 'person', as used in section 321.498 shall mean:

"1. The owner of the vehicle whether it is being used and operated personally by said owner, or by his agent.

"2. An agent using and operating the vehicle for his principal.

"3. Any person who is in charge of the vehicle and of the use and operation thereof with the express or implied consent of the owner.

"4. The executor or administrator of the estate of the owner or operator of the motor vehicle."

"321.501 Plaintiff in any such action shall cause the original notice of suit to be served as follows:

"1. By filing a copy of said original notice of suit with said commissioner, together with a fee of two dollars, and

"2. By mailing to the defendant, and to each of the defendants if more than one, within ten days after said filing with the commissioner, by restricted registered mail addressed to the defendant at his last known residence or place of abode, a notification of the said filing with the commissioner."

"321.503 The term 'restricted registered mail' means mail which carries on the face thereof, in a conspicuous place where it will not be obliterated, the indorsement, 'Deliver to adressee only', and which also requires a return receipt.

"321.504 In lieu of mailing said notification to the defendant in a foreign state, plaintiff may cause said notification to be personally served in the foreign state on the defendant by any adult person not a party to the suit, by delivering said notification to the defendant or by offering to make such delivery in case defendant refuses to accept delivery."

"321.507 Actions against nonresidents as contemplated by this law may be brought in the county of which plaintiff is a resident, or in the county in which the injury was received, or damage done."

"321.511 The dismissal of an action after the nonresident has entered a general appearance under the substituted service herein authorized, shall bar the recommencement of the same action against the same defendant unless said recommenced action is accompanied by actual personal service of the original notice of suit on said defendant in this state."

■ In Iowa all streets are classified as highways. Kelroy v. City of Clear Lake, 1942, 232 Iowa 161, 5 N.W.2d 12, 16.

The original Act was first enacted by the Iowa Legislature in 1931 as Chapter 123 of the Laws of the 44th General Assembly. There are a number of decisions of the Iowa Supreme Court having to do with the Iowa Non-Resident Motorist Service Act, but none of them bear upon the question

involved in the present case. Jermaine v. Graf, 1939, 225 Iowa 1063, 283 N.W. 428; Welsh v. Ruopp, 1940, 228 Iowa 70, 289 N.W. 760; Green v. Brinegar, 1940, 228 Iowa 477, 292 N.W. 229; Gelvin v. Hull, 1940, 228 Iowa 1149, 293 N.W. 520; Schoulte v. Great Lakes Forwarding Corporation, 1941, 230 Iowa 812, 298 N.W. 914; Halse v. La Crescent Co., 1941, 231 Iowa 231, 1 N.W.2d 202; Skutt v. Dillavou, 1944, 234 Iowa 610, 13 N.W.2d 322, 155 A.L.R. 327. See also Glenn v. Holub, D.C. Iowa 1941, 36 F.Supp. 941; Ransom v. Sipple Truck Lines, D.C.Iowa 1943, 52 F.Supp. 521; Kemp v. Creston Transfer Co., D.C. Iowa 1947, 70 F.Supp. 521.

The earliest Non-Resident Motorist Service Act was enacted by New Jersey in 1908, P.L.1908, p. 613. That Act provided that non-residents could not drive an automobile upon the public highways of New Jersey without first executing a written instrument designating the Secretary of State as attorney for the service of process in actions growing out of the operation of the automobile in that state. The constitutionality of that statute was upheld in the case of Kane v. State of New Jersey, 1916, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222. In 1923 the Massachusetts Legislature enacted a statute, Stat.1923, c. 431, Sec. 2, which provided that the use of the highways of that state by a non-resident should be deemed to be equivalent to the appointment of the local registrar as his attorney for the service of process in any action for damages growing out of the operation in that state and should be deemed an agreement that process so served should be of the same force and validity as if served upon him personally. The constitutionality of that statute was upheld in the case of Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. All of the 48 states and the District of Columbia now have Acts which provide that the operation of a motor vehicle upon their highways by a non-resident shall be deemed to constitute a designated public officer in the state the agent or attorney of the non-resident for the service of process in actions growing out of the operation of motor vehicles in the state. Those Acts now appear as follows:

Alabama: Ala.Code of 1928, 1936 Cum. Supp.Annot. § 9454(1), Code 1940, Tit. 7, § 199.

Arkansas: Pope's Ark.Stats.1944 Supp. § 1375.

Arizona: 5 Ariz.Code Annot.1939, § 66-226.

California: Deering's Calif. Vehicle Code, § 404.

Colorado: 2 Colo.Stats.1935 Annot.1946 Cum.Supp. c. 16, § 48(1).

Connecticut: 2 Gen.Stats.1930, § 5473.

Delaware: Rev.Code of 1935, § 4590.

District of Columbia: Dist. of Col.Code, 1940 Ed., § 40–403.

Florida: Fla.Stats. of 1941, §§ 47.29–47.32, F.S.A.

Georgia: Ga.Laws of 1937, No. 444, p. 732.

Idaho: Idaho Code, Annot.1940 Supp. § 48-5A32.

Illinois: Chapter 95½, Smith-Hurd Ill. Annot.Stat. § 23.

Indiana: 8 Burns' Indiana 1933 Stats. Annot. § 47-1043.

Iowa: 1 Code of Iowa, 1946, Secs. 321.-498, 321.499.

Kansas: Gen.Stat.Annot.1935, 8-401, 8-402.

Kentucky: Ky.1946 Rev.Stat. 188.020.

Louisiana: 4 Dart's La.Gen.Stat. § 5296, Act No. 184 of 1932.

Maine: 1 Rev.Stat. of Maine 1944, c. 19, § 59.

Maryland: 2 Flack's Annot.Code of Md. 1939, art. 56, §§ 188, 189.

Massachusetts: 3 Annot.Laws of Mass. c. 90, §§ 3A, 3B.

Michigan: 8 Mich.Stats.Annot. § 9.1701, Comp.Laws Supp.1946, § 4790.

Minnesota: 1 Minn.Stats. of 1945 and M.S.A. § 168.25, and § 170.55.

Mississippi: 7 Miss.Code of 1942, Annot. § 9352-61.

Missouri: 18 Mo.Rev.Stats.Annot. §§ 8410.1 to 8410.14.

Montana: 1 Rev.Code of Montana of 1935, §§ 1760.12, 1760.13.

Nebraska: 2 Rev.Stat. of Neb.1943, § 25-530.

Nevada: 1 Nev. Compiled Laws Supp. 1931–1941, § 4441.01.

New Hampshire: 1 Rev.Laws of N.H. 1942, c. 116, §§ 42–45.

New Jersey: 2 Rev.Stats of N.J., 1937, 39:7–1 to 39:7–8, N.J.S.A.

New Mexico: 5 N.Mex.Stats.1941 Annot. § 68-1003.

New York: 62A McKinney's Consol. Laws of N.Y.Annot. c. 71, Vehicle and Traffic Law, § 52.

North Carolina: 1 Gen.Stats. of No. Car. §§ 1-105 to 1-107.

North Dakota: 3 No.Dak.Rev.Code of 1943, 28-0611 to 28-0614.

Ohio: 4-A Page's Ohio Gen.Code Annot. § 6308-1.

Oklahoma: 47 Okla.Stats.Annot. §§ 391 to 403.

Oregon: 8 Ore. Compiled Laws Annot. §§ 115-129 to 115-131.

Pennsylvania: 75 Purdon's Pa.Stats. Annot. §§ 1201 to 1206.

Rhode Island: Gen.Laws of Rhode Island 1938, c. 103, § 1.

South Carolina: 1 Code of Laws of So. Car.1942, § 437.

South Dakota: 2 So.Dak.Code of 1939, 33.0809.

Tennessee: 6 William's Tenn.Code, §§ 8671 to 8675.

Texas: Vernon's 1936 Civil Stat. art. 2039a.

Utah: 3 Utah Code Annot.1943, 57-13-12.

Vermont: Public Laws of Vt.1933, § 5001, as amended by 1935. Acts and Resolutions, No. 117, page 136.

Virginia: Va.Code of 1942 Annot. § 2154 (70) (i).

Washington: Session Laws of 1933, Ch. 160, page 587; Rem.Rev.Stat. 6360—128, 6360—129.

Wisconsin: Wisc.Stats.1945, § 85.05(3).

West Virginia: W.Va.Code of 1943 Annot. § 5555(1).

Wyoming: 1931 Wyoming Rev.Stats. Annot.1940 Supp. § 72-901, Comp.St.1945, § 60-1101.

None of the original Non-Resident Motorist Service Acts contained any specific provision in regard to service where the owner of the motor vehicle died before suit was brought or where the owner of the motor vehicle died while suit was pending. In 1941 the Iowa Legislature by the enactment of Chapter 179 of the Laws of the 49th General Assembly amended the Iowa Act to include under the provisions of the Act: "The executor or administrator of the estate of the owner or operator of the motor vehicle." Five other states have amended their Acts to specifically include executors and administrators. Those states are Arkansas, Maryland, Michigan, New York and Wisconsin. Collections of cases having to do with different questions arising under the different Acts are collected in: Duggan v. Ogden, 278 Mass. 432, 180 N.E. 301, 82 A.L.R. 768; State ex rel. Ledin v. Davison, 216 Wis. 216, 256 N. W. 718, 96 A.L.R. 594; Williams v. Meredith, 326 Pa. 570, 192 A. 924, 115 A.L.R. 893; Jones v. Pebler, 371 Ill. 309, 20 N.E. 2d 592, 125 A.L.R. 457; 138 A.L.R. 1464; Skutt v. Dillavou, Iowa, 13 N.W.2d 322, 155 A.L.R. 333. See also 20 Iowa Law Review 654 and 25 Iowa Law Review 810. As to the bringing of suits originally in federal court under a state Non-Resident Motorist Service Act, see O'Donnell v. Slade, D.C.Pa.1933, 5 F.Supp. 265.

■ The question of the validity of a statute providing for service on foreign executors and administrators is directly connected to the law relating to the estates of decedents. At the time of the adoption of the Constitution of the United States, the English High Court of Chancery had jurisdiction as to the enforcement of trusts. Markham v. Allen, 1946, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256. Executors and administrators were regarded being trustees of the property of the decedent; and an action by a creditor to enforce a claim owed by the decedent was a proceeding in equity for the enforcement of a trust. Markham v. Allen, supra; Harrison v. Moncravie, 8 Cir., 1920, 264 F. 776. The common law concept that an executor or administrator is a trustee and that the property of the decedent constitutes trust property has been continued by the courts

in this country. Harrison v. Moncravie, 8 Cir., 1920, 264 F. 776, 779; Reichard v. Chicago, B. & Q. R. Co., 1942, 231 Iowa 563, 1 N.W.2d 721; In re Willenbrock's Estate, 1940, 228 Iowa 234, 290 N.W. 502; Goodman v. Bauer, 1938, 225 Iowa 1086, 281 N.W. 448. In the case of Harrison v. Moncravie, supra, the Eighth Circuit Court of Appeals (264 F. at page 779) stated: "Every estate of a decedent in the possession of an administrator, an executor, or other party constitutes a trust held for the benefit of those equitably entitled to receive it." An executor is a statutory express trustee. Ryan v. Hutchinson, 1913, 161 Iowa 575, 143 N.W. 433. An executor or administrator is an officer of the court. Byers v. McAuley, 1893, 149 U.S. 608, 615, 13 S.Ct. 906, 908, 37 L.Ed. 867; Wells v. Helms, 10 Cir., 1939, 105 F.2d 402, 403; Van Iperen v. Hays, 1935, 219 Iowa 715, 259 N.W. 448.

■ The right to take property by descent or inheritance is a strictly statutory right and not a natural right and such matters are strictly and exclusively within legislative control. In re Fitzgerald's Estate, 1937, 223 Iowa 141, 272 N.W. 117, 119. The administration of the estate of a decedent within a state is solely a matter of statutory enactment. In re Rugh's Estate, 1931, 211 Iowa 722, 234 N.W. 278. The possession of the assets by an executor or administrator is the possession of the court. Byers v. McAuley, supra.

■ It would seem necessary to determine the nature of the adjudication that results in a proceeding to establish a claim against an estate. At common law where the claim being established was one owing by the decedent, the proper judgment to be entered was a judgment de bonis testatoris in the case of executors and a judgment de bonis intestati in the case of administrators, and no personal judgment or judgment de bonis propriis could be rendered. 34 C.J.S., Executors and Administrators, § 796, p. 907. Judgments de bonis testatoris or intestati merely provided for the payment of the claim in the course of administration. 34 C.J.S., Executors and Administrators, § 796, p. 907. Sometimes the term judgment de bonis testatoris was used interchangeably with the term judgment de bonis intestati. In one of the early Iowa cases the term judgment de bonis testatoris was used. Childs, Sandford & Co. v. John Hyde & Co., 1859, 10 Iowa 294, 77 Am.Dec. 113. In that case an action was brought against several partners. During the pendency of the action one of the partners died and his administrators were substituted as parties defendant. The Iowa Supreme Court in that case (10 Iowa at page 296) stated: "It was not competent for plaintiff to join the administrators of the deceased partners with the surviving partners and pray a judgment against both' in the same suit. The judgment against them is in different rights; against the surviving partners it must be a judgment de bonis propriis; against the administrators it must be a judgment de bonis testatoris." However, for some time the terms judgment de bonis testatoris, judgment de bonis intestati and judgment de bonis propriis have been more or less obsolete, and now the term "judgment" in common legal use is regarded as meaning a personal judgment unless followed by the words "in rem" or other qualifying words. It is well settled that an action or proceeding which establishes the claim of an estate creditor does not result in a "judgment," as the term is commonly used, against the executor or administrator of the estate but constitutes only the granting of a right to share in the assets of the estate. Voorhies & Co. v. Eubank, 1858, 6 Iowa 274; Smith, Murphy & Co. v. Shawhan, Adm'r, 1873, 37 Iowa 533; Orcutt v. Hanson, 1887, 71 Iowa 514, 32 N.W. 482; Martin v. Shannon, 1897, 101 Iowa 620, 70 N.W. 720; Wile v. Wright, 1871, 32 Iowa 451; Van Iperen v. Hays, 1935, 219 Iowa 715, 259 N.W. 448; Grife v. Equitable Life Assur. Soc., 1943, 233 Iowa 83, 8 N.W.2d 584; Burton v. Williams, 1902, 63 Neb. 431, 88 N.W. 765.

In the case of Federal Land Bank of Omaha v. Ditto, 1939, 227 Iowa 475, 288 N.W. 618, 619, the Iowa Supreme Court stated: "The judgment against the administrators, * * * could have been in no form but a claim established." In the case of Van Iperen v. Hays, supra, the Iowa

Supreme Court (page 450 of 259 N.W.) stated: "Another thing to be borne in mind is that neither the suit nor the filing of the claim and establishing it through that proceeding results in any personal judgment against the executor. The judgment is simply an allowance of the claim against the estate."

In the case of Voorhies & Co. v. Eubank, 1858, 6 Iowa 274, the district court entered judgment against "the estate of S. T. Carey, deceased." The Iowa Supreme Court stated that there could be no judgment in "the sense the term is ordinarily used" and goes on to state (6 Iowa at page 276): "There is to be an ascertainment of the truth and justice of the claim made against the estate, and when so ascertained, it is to be allowed and ordered to be paid from the assets of the estate. No execution is to be awarded or issued upon the adjudication. An execution is not the mode pointed out for its enforcement. Foteaux v. Lepage, [6 Iowa] 123. The executrix and not the 'estate of S. T. Carey' should have been the defendant in the suit. No judgment or adjudication could have been made against 'the estate' as defendant, as against a natural person. It is a confusion of terms, as well as of ideas, to adopt such a form of expression." In the case of Burton v. Williams, supra, where the Nebraska Supreme Court refused to recognize a judgment rendered against a Nebraska administrator in another state, the Court stated in regard to the nature of a judgment against an administrator (Page 767 of 88 N.W.): "* * * the judgment in the suit was, in legal effect, an adjudication for the satisfaction of plaintiff's claim out of such property. In other words, it was a direction to the defendant to make payment of the amount found due by the jury out of the property which he held in trust."

A court order establishing a claim in favor of a creditor cannot be enforced by execution. Grife v. Equitable Life Assur. Soc., 1943, 233 Iowa 83, 8 N.W. 2d 584; Smith, Murphy Co. v. Shawhan, 1873, 37 Iowa 533; Voorhies v. Eubank, supra. A court order establishing a claim in favor of a creditor does not give the creditor a lien on real estate in the estate.

Iowa Loan & Trust Co. v. Holderbaum, 1892, 86 Iowa 1, 52 N.W. 550; Kraner v. Chambers, 1894, 92 Iowa 681, 61 N.W. 373, 375. While the property of an estate is impressed with a trust for the benefit of creditors, yet no creditor has any specific claim to or lien upon any particular property. Wilson v. Beard, 2 Cir., 1928, 26 F. 2d 860. A non-resident creditor having brought suit on a claim in federal court and securing a judgment against an administrator cannot issue execution thereon and does not thereby secure a lien and such judgment merely gives him the right to have his claim recognized in the payment of the debts of the estate. Yonley v. Lavender, 1874, 21 Wall., U.S. 276, 22 L.Ed. 536.

In Iowa there is no separate probate court and the probate of estates is handled by the District Court of Iowa which is the court of original and general jurisdiction. In re Ferris' Estate, 1944, 234 Iowa 960, 14 N.W.2d 889. All proceedings whether probate, equity or law are before the same court. In re Heaver's Estate, 1935, 168 Iowa 563, 150 N.W. 698, 700. See also Federal Land Bank of Omaha v. Ditto, 1939, 227 Iowa 475, 288 N.W. 618. While the Iowa probate procedure provides for the filing of claims with the Clerk of the District Court, yet a claimant may also bring a formal suit on his claim by original notice and petition, naming the executor or administrator of the estate as defendant. Hanen v. Lenander, 1916, 178 Iowa 569, 160 N.W. 18. A non-resident creditor having a claim of the proper jurisdictional amount against an estate in Iowa may bring a formal suit against the Iowa administrator in the federal district court and have the validity and amount of his claim determined by that court. Reconstruction Finance Corporation v. Dingwell, 1938, 224 Iowa 1172, 278 N.W. 281. As stated in this last case, the proper procedure upon the termination of the litigation is for the federal court to certify to the state court its determination as to the validity and amount of the claim.

In the present case it was proper procedure for the plaintiff to proceed against the administratrix by formal suit. In the present case jurisdiction being based

840

upon diversity of citizenship, the case of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is applicable. In the present case the jurisdictional question is not affected by the fact that the case is pending in federal court instead of in the state court from which it was removed. As to certain phases of federal court jurisdiction in regard to probate matters see note 158 A. L.R. 9.

 It seems clear that one qualifying as an executor or an administrator does not thereby become personally liable for claims owing by the decedent at the time of his death. The duty assumed is that of applying towards the payment of claims which have been legally allowed that property of `the decedent which may legally be applied towards the payment of them. Since an action or proceeding to establish a claim against an estate is not an action in personam, the question presents itself as the nature of such an action or proceeding. Probate proceedings are proceedings in rem. Gibbs v. Beckett, 1940, 229 Iowa 619, 295 N.W. 165, 167; Van Iperen v. Hays, 1935; 219 Iowa 715, 259 N.W. 448; Durfee v. Abbott, 1883, 50 Mich. 278, 15 N.W. 454; Wilson v. Hartford Fire Insurance Co., 8 Cir., 1908, 164 F. 817, 819, 19 L.R.A.,N.S., 553; Michigan Trust Co. v. Ferry, 8 Cir., 1910, 175 F. 667, 674. In 21 Amer. Jur. p. 337, the rule is stated as follows: "An administration or probate proceeding is a proceeding in rem which determines the status of the subject matter, and, being such, while it remains in force, it is conclusive not only on the parties before the court, but upon all persons and all courts." In the case of Michigan Trust Co. v. Ferry, supra (175 F. at page 674) the Eighth Circuit Court of Appeals stated . (Italics supplied): "A proceeding in a probate court to administer upon the estate of a deceased person is a proceeding in rem and not in personam. ·*The property of the estate within the jurisdiction of the court is the defendant,* the executor or administrator is its representative, all claiming any interest in that property under the deceased are parties to the proceeding * * *." A proceeding for the establishment of a claim against an executor of an

estate in his representative capacity is in the nature of a proceeding in rem. Van Iperen v. Hays, 1935, 219 Iowa 715, 259 N. W. 448. In the case just cited, the plaintiff brought a suit in the district court to recover damages because of an automobile mishap claimed to have been occasioned by the negligence of one Van Iperen who died following the mishap. The executor of Van Iperen's estate was the party defendant. The executor was a resident of one county and the probate of the estate was being had in another. The action was brought in the county of the residence of the executor. Under the Iowa Law the action could only be brought in the county of the residence of the executor if it was an action in personam. The Iowa Supreme Court held that the action was in rem and not in personam and could only be brought in the county where the estate was being probated. The Iowa Supreme Court (pages 450, 451 of 259 N.W.) stated that whether a claim is sought to be established by a direct suit or by the filing of a claim in the estate proceedings that "* * * it is essentially a proceeding in the nature of an in rem proceeding, no personal judgment being asked, possible or obtainable against the executor, only the establishment of the right by the claimant or plaintiff to share in the property in the hands of the executor on final distribution * * *."

 The distinction between proceedings in personam and in rem is that the purpose of a proceeding in personam is to impose through the judgment of a court some liability directly upon the person of the defendant, while a proceeding in rem is aimed not at the person of the defendant but at the property or status or other things within the jurisdiction of the court. Federal Land Bank of Omaha v. Jefferson, 1941, 229 Iowa 1054, 295 N.W. 855, 132 A.L.R. 1282. Jurisdiction to render a judgment in rem is primarily founded upon the presence of property in the state. Raher v. Raher, 1941, 150 Iowa 511, 129 N.W. 494, 499, 35 L.R.A.,N.S., 292, Ann. Cas.1912D, 680.

 It would seem that cases having to do with the establishment of claims in cases where there are domiciliary and ancillary probate proceedings might bear

upon the question as to the nature and extent of court jurisdiction in the establishment of claims against estate. It is a general rule that judgments or orders establishing claims in the state of ancillary administration are not binding in the state of domiciliary administration, and that claims established in the state of domiciliary administration are not binding in the state of ancillary administration. Wilson v. Hartford Fire Insurance Co., 8 Cir., 1920, 164 F. 817, 19 L.R.A.,N.S., 553; Brown v. Fletcher's Estate, 1907, 210 U.S. 82, 28 S.Ct. 702, 52 L.Ed. 966; Cresswell v. Slack, 1885, 68 Iowa 110, 26 N.W. 42; Stacy v. Thrasher, 1848, 47 U.S. 44, 6 How. 44, 12 L.Ed. 337. In the case of Wilson v. Hartford Fire Insurance Co., supra, the Eighth Circuit Court of Appeals in passing upon the relationship between the executors of an estate in Illinois and the administrator with will annexed of the estate of the same decedent in Kansas stated (164 F. at page 820): "But there is no privity between the Illinois executors and the Kansas administrator, because none of the property which the latter is administering was derived from the former, and none of the property which the former is administering was derived from the latter * * *. They received their authority from different sovereignties over different property, they are accountable to different courts which are acting under different laws, the authority of the executors is paramount and that of the administrator is nothing in Illinois, the authority of the administrator is paramount and the executors are without authority in Kansas, hence they are not privies in law." A judgment establishing a claim in probate proceedings in one state has to be reallowed in new legal proceedings in the other state. Dickinson v. Seaver, 1880, 44 Mich. 624, 7 N.W. 182. In the case of Cresswell v. Slack, supra, the situation was that one Slack died intestate a resident of the State of Pennsylvania. At the time of his death the decedent owned property both in Iowa and Pennsylvania. The Orphan's Court in Pennsylvania appointed an administrator for Slack's estate in that state. The plaintiffs who were creditors of Slack filed their claims against the estate in Pennsylvania and their claim was allowed by the Orphan's Court. The claim of the plaintiffs not having been paid in full from the property in Pennsylvania, they caused an administrator to be appointed in Iowa. The administrator in Iowa made an application to sell the real estate in this state for the payment of debts. The heirs of Slack resisted the application claiming that the plaintiff did not have a valid claim. At the trial the plaintiffs offered in evidence the allowance of their claim by the Pennsylvania Court. The Iowa Supreme Court held that the record of allowance of the plaintiff claim was not competent evidence in an action to enforce the claim in the State of Iowa. The Iowa Supreme Court (page 43 of 26 N.W.) stated: "The administrator appointed in this state derives his powers from the statutes of this state. * * * His appointment empowers him to collect such assets of the estate as may be found in this state, and he may make such disposition of them as is directed by the laws of this state; and he is not answerable for his conduct, either to the foreign administrator, or to the power from which his authority is derived, but is independent of both."

Thus, it seems clear that under the general rules of law applicable to domiciliary and ancillary administration of estates that the jurisdiction of the courts of each state in regard to claims owing by a decedent is limited to the property of the decedent in the particular state.

In the case of Pennoyer v. Neff, 1877, 95 U.S. 714, 24 L.Ed. 565, the rule was established that the courts of a particular state could not acquire jurisdiction to render a personal judgment against a non-resident upon service made without the state unless such non-resident consented to jurisdiction. The constitutionality of the Massachusetts Non-Resident Motor Vehicle Service Act was upheld by the United States Supreme Court, in the case of Hess v. Palowski, supra, upon the theory of consent. Cases dealing with various constitutional aspects of Non-Resident Service Acts are collected in Pawloski v. Hess, 250 Mass. 22, 144 N.E. 760, 35 A.L.R. 951, Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1239 and State

ex rel. Cochran v. Lewis, 118 Fla. 536, 159 So. 792, 99 A.L.R. 130.

 It is a well settled rule that an executor or administrator cannot sue outside of the state of his appointment. 34 C.J.S., Executors and Administrators, § 1008, p. 1256. It has been the rule in Iowa from an early period that an executor or administrator cannot maintain a suit in this state by virtue of appointment in another state. McClure v. Bates, 1861, 12 Iowa 77. For exception to rule, see Knight v. Moline, E. M. & W. R. Co., 1913, 160 Iowa 160, 140 N.W. 839. The status of foreign executors and administrators is stated by the United States Supreme Court in the case of Moore v. Mitchell, 1930, 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673. In that case a county treasurer of the State of Indiana in his official capacity brought an action in the federal court in New York against executors of a New York estate to recover personal property taxes claimed to have been owed by the decedent at the time of his death. A statute of Indiana provided that county treasurers of that state could bring actions outside of the state to recover delinquent taxes. The Court (pages 23, 24 of 281 U. S., 50 S.Ct. at page 175, 74 L.Ed. 673) stated: "Petitioner claims only by virtue of his office. Indiana is powerless to give any force or effect beyond her own limits to the act of 1927 purporting to authorize this suit. * * * And, as Indiana laws are the sole source of petitioner's authority, it follows that he had none in New York. * * * He * * * has no better standing to bring suits in courts outside Indiana than have executors, administrators, or chancery receivers without title, appointed under the laws and by the courts of that state. It is well understood that they are without authority, in their official capacity, to sue as of right in the federal courts in other states. From the earliest time, federal courts in one state have declined to take jurisdiction of suits by executors and administrators appointed in another state."

 It is the general rule that an executor or administrator cannot be sued outside of the state of his appointment, Restatement of Conflict of Laws, Sec. 512, 34 C.J.S., Executors and Administrators, § 1013, p. 1265; 6 Cyc. Federal Procedure,

2nd.Ed. Sec. 2105, p. 152; Burrowes v. Goodman, 2 Cir., 1931, 50 F.2d 92, 77 A.L.R. 249, certiorari denied 1931, 284 U.S. 650, 52 S.Ct. 30, 76 L.Ed. 551; Judy v. Kelley, 1849, 11 Ill. 211, 50 Am.Dec. 455; Rentschler v. Jamison, 1878, 6 Mo.App. 135; In re Thompson's Estate, 1936, 339 Mo. 410. 97 S.W.2d 93; York v. Bank of Commerce & Trust Co., 1935, 19 Tenn.App. 594, 93 S.W.2d 333; National Bank of Topeka v. Mitchell, 1941, 154 Kan. 276, 118 P.2d 519; Giampalo v. Taylor, 1939, 335 Pa. 121, 6 A.2d 499, 501; Hargrave v. Turner Lumber Co., 1940, 194 La. 285, 193 So. 648, 649. Independent of statute, suits have only been permitted against foreign executors and administrators in exceptional cases and then only when there was a res in the state of the forum to be disposed of or preserved. Holmes v. Camp, 1916, 219 N.Y. 359, 114 N.E. 841. In the case of Burrowes v. Goodman, 2 Cir., 1931, 50 F.2d 92, 77 A.L.R. 249, the court states in regard to a judgment against a foreign personal representative, (page 93 of 50 F.2d F.): "In the absence of property of the estate within the court's jurisdiction, such a judgment may not be rendered." In the case of Judy v. Kelley, supra, one Allington, a resident of Illinois, was sued in the State of Ohio and service secured upon him in Ohio. During the pendency of the suit Allington died. Administration of his estate was taken out in Illinois and an administratrix and administrator appointed in that state. The plaintiff then revived his action against those representatives, and they appeared and defended in the Ohio Court. A judgment de bonis testatoris was rendered against them by the Ohio Court. The plaintiff then brought an action against the representatives in Illinois upon the Ohio judgment. The Supreme Court of Illinois (page 214 of 11 Ill., 50 Am.Dec. 455) stated: "The attempt here is to enforce against an estate a judgment rendered in Ohio, against administrators appointed in this state. It is clear that the state of Ohio could not rightfully extend her jurisdiction over the plaintiffs in error, in their official character, while within her limits, further than to compel them to account for such assets as they might there have. The plaintiffs in error

derived their authority from this state, and they are to be made responsible here only, for their acts. That state may grant letters of administration on the estate, and in that way have the effects found within her territory administered; but she cannot by proceedings in her own Courts, reach the assets in this estate, or establish claims against the estate that will be here enforced." In the case of Rentschler v. Jamison, supra, a judgment had been rendered against a Missouri administrator in the State of Illinois which it was sought to enforce against the estate in Missouri. The Court (page 137 of 6 Mo.App.) stated: "The court in Illinois could have no control over the estate of deceased in Missouri. The judgment in another State could not be enforced against the estate here, no matter what service was made upon the administrator. * * * The courts of another State cannot enforce claims against the estates in Missouri of deceased persons * * *." In the case of In Re Thompson's Estate, supra, recognition was sought in Missouri of a judgment rendered against Missouri administrators in the State of Louisiana. The Supreme Court of Missouri held that such judgment would not be given recognition. In the case of York v. Bank of Commerce & Trust Co., supra, it was sought to enforce in Tennessee a judgment recovered against a Tennessee executor in Oklahoma. The Tennessee Court of Appeals stated (page 338 of 93 S.W.2d): "The question is here whether under the full faith and credit clause of the Constitution the complainants are entitled to recover on said judgment in Tennessee so as to reach the assets which have come into the hands of the defendant in Tennessee. We think not." In the case of National Bank of Topeka v. Mitchell, supra, suit had been brought in Kansas against a resident of Missouri. The Missouri resident appeared in the Kansas suit but died during the pendency of the suit. An executor was appointed for his estate in the State of Oklahoma. The plaintiff sought to revive the suit against the Oklahoma executor. The Supreme Court of Kansas held that it had no jurisdiction as to such executor. The court (page 522 of 118 P.2d) stated:

"When revivor was sought his estate in Oklahoma was being administered in Oklahoma. There was no property in Kansas belonging to the estate. No ancillary proceedings had been instituted in this state. Under such circumstances, what power could a Kansas court have to bring the Oklahoma executor before it, or to enter any judgment affecting either the Oklahoma executor or the estate in Oklahoma? * * * Each state is sovereign and aside from constitutional exercise of power by the Federal government, has exclusive jurisdiction over the persons and the property within its borders. No law of any other state has any effect, of its own force, upon such persons or property. The judgments and judicial decrees of one state have, per se, no extraterritorial effect. To be sure, each state must give 'full faith and credit' to the laws and judicial proceedings of every other state (United States Constitution, Art. 4, § 1) but that principle supports no contention of appellants here. Comity only gives recognition to things validly done in one state as to persons or property within the jurisdiction of that state." In the case of Vaughan v. Northrup, 1841, 40 U.S. 1, 10 L.Ed. 639, there was involved the question of the right to sue a Kentucky administratrix in the District of Columbia. The United States Supreme Court speaking through Justice Story stated (page 5 of 40 U.S., 10 L.Ed. 639): "Hence, it has become an established doctrine, that an administrator, appointed in one state, cannot, in his official capacity, sue for any debts due to his intestate, in the courts of another state; and that he is not liable to be sued in that capacity, in the courts of the latter, by any creditor, for any debts due there by his intestate."

Prior to the enactment of Non-Resident Motorist Service Acts some states passed statutes purporting to make foreign executors and administrators subject to suit. Considerable time prior to the enactment of the New York Non-Resident Motorist Statute, the New York Legislature passed a statute providing that foreign executors and administrators could sue or be sued in the State of New York. Laws 1911, c. 631. The question as to the efficacy of that portion of the statute providing for

844

suits against foreign executors came before the New York Court of Appeals in the case of Helme v. Buckelew, 1920, 229 N.Y. 363, 128 N.E. 216. In that case a resident of the state of New Jersey had been appointed by the New Jersey Court as executrix of the estate of a New Jersey resident. Suit was brought against her in New York and she was served with notice of it while temporarily in New York. There was no property of the decedent in the State of New York. The action was brought against her as executrix of the estate. The Court held that the New York court acquired no jurisdiction by virtue of the service. The Court speaking through Judge Cardozo (page 217 of 128 N.E.) states: "If the purpose of the statute was to permit the recovery of a judgment which, irrespective of the consent of the jurisdiction of the domicile or of the presence of assets within this jurisdiction, would bind foreign administrators and executors everywhere as a judgment in personam, the statute registers a futile effort." Judge Cardozo stated that to hold that a judgment were to be permitted against a foreign · executor or administrator in a state where there were no assets of the estate would (page 219 of 128 N.E.) "* * * involve us not only in problems of constitutional power * * * but in a cumbrous and inconsistent and unworkable procedure which would disorganize the scheme disclosed in other statutes, and there carefully developed, for the administration of estates. This isolated section which develops no scheme of its own, and seems to take for granted a scheme into which it fits, did not obliterate the historic landmarks and leave the fields without a monument." In the case of Helme v. Buckelew, supra, the New York Court of Appeals impliedly held the particular statute invalid. In the case of McMaster v. Gould, 1925, 240 N.Y. 379, 148 N.E. 556, 40 A.L.R. 792, the New York Court of Appeals held directly that the particular statute under consideration in Helme v. Buckelew, supra, was unconstitutional in so far as it attempted to make foreign representatives subject to suit in New York. In the case of Thorburn v. Gates, D.C.N.Y., 1915, 225 F. 613, the same statute came before Judge Learned Hand. In that case service was made in New York upon representatives of a Texas estate. Judge Hand stated (225 F. at page 616): "No doubt the state of New York, as respects goods situated within its own jurisdiction, might provide that an executor appointed elsewhere should be its own representative, and that process served upon him within its own borders should be effective to determine the disposition of all such goods. * * * Yet if it attempted to go further than this, to take any steps toward the disposition of decedent's goods situated elsewhere and under the existing administration of another state, it would violate the common understanding respecting such matters and expose itself to the disregard of its judgments by the state which had appointed the executor and assumed the direction of his official conduct. * * * In so far, however, as without the authority of Texas, New York should attempt to adjust the obligations of the executor as such, and to make any final determination of his obligations in the distribution of assets already in process of administration in Texas, its act would necessarily be brutum fulmen in its result, and unconstitutional in its inception."

In Restatement of Conflict of Laws, Sec. 514, it is stated: "A Judgment against a foreign administrator in his representative capacity under a statute allowing a foreign administrator to be sued does not create an obligation which can be proved in any other state as a claim against the estate of the decedent." It is interesting to note that one court recently held that in diversity cases where there was no direct local authority that it was proper for a federal court to rely upon the Restatement of the Law as evidence of the law of the state. Venuto v. Robinson, 3 Cir., 1941, 118 F.2d 679, certiorari denied, 314 U.S. 627, 62 S. Ct. 58, 86 L.Ed. 504. In the case of Dewey v. Barnhouse, 1907, 75 Kan. 214, 88 P. 877, an Illinois executor while temporarily in Kansas was served with notice in an action brought against him in Kansas as executor. There was no property of the decedent in Kansas. A Kansas statute provided that foreign executors or administrators could be sued in Kansas. The for-

eign executor set up that any judgment obtained in Kansas against him as executor could not be enforced in Illinois. The Kansas Supreme Court stated the matter of the enforceability of the judgment in Illinois was a matter of concern only to the plaintiff and not a cause for complaint on the part of the executor. In the later case of National Bank of Topeka v. Mitchell, supra, the same court held that the Kansas courts had no jurisdiction as to actions against foreign representatives.

Iowa by statute provides for the admission to probate of foreign wills in this state and the appointment of the foreign executors and administrators as ancillary representatives in this state. Secs. 633.33, 633.34, 633.35, 633.50, 633.51, Code of Iowa 1946. Permitting foreign executors and administrators to serve as ancillary representatives in this state is by way of comity. After a foreign will has been admitted to probate and the foreign executor or administrator has qualified as an ancillary representative, the estate is administered as a domestic estate. By taking out ancillary letters the foreign representative becomes in law a domestic representative. 34 C.J.S., Executors and Administrators, § 988, p. 1232. Statutes permitting foreign representatives to act as ancillary representatives do not by implication make foreign representatives as such subject to suit in a state. Burton v. Williams, 1902, 63 Neb. 431, 88 N.W. 765. In the case of Helme v. Buckelew, 1920, 229 N.Y. 363, 128 N.E. 216, 219, the court speaking through Judge Cardozo held that the liabilities of an executor or administrator can only be increased by the appointing state, and that the enactment of a statute by a non-appointing state purporting to make an executor or administrator appointed by another state subject to suit in the non-appointing state, was in disregard of the rights of the appointing state and was in disregard of comity.

Personal service upon a foreign executor or administrator while in a state other than the state of his appointment does not give jurisdiction. 34 C.J.S., Executors and Administrators, § 1013, p. 1265; Helme v. Buckelew, 1920, 229 N.Y. 363, 128 N.E. at page 217; Brown v. Fletcher, 1908, 210 U.S. 82, 28 S.Ct. 702, 52 L.Ed. 966; Har-

grave v. Turner Lumber Co., 1940, 194 La. 285, 193 So. 648, 649. The reason for the rule is that an executor or administrator who is in another state is not in that state in his capacity as executor. Hargrave v. Turner Lumber Co., supra. The executor or administrator as an individual and as an official, is in the eyes of the law, two separate and distinct persons. Hargrave v. Turner Lumber Co., supra. Even where a resident of one state is appointed executor of an estate in another state, suit cannot be brought against him in the state of his residence on a claim owing by the decedent. Hargrave v. Turner Lumber Co., supra. A non-resident motorist using the highways of a state which has a Non-Resident Motorist Service Act waives the venue provision of 28 U.S.C.A. § 112, requiring suits to be brought in the district of his residence. Steele v. Dennis, D.C.Md.1945, 62 F.Supp. 73. However, what is involved in the case of suits against foreign representatives under Non-Resident Motorist Service Acts is jurisdiction and not venue. Donnelly v. Carpenter, 1936, 55 Ohio App. 463, 9 N.E.2d 888. In the present case the defendant administratrix joined in removing the action from the state court to this court. If the state court from which a case is removed does not have jurisdiction, the removal does not affect the question of jurisdiction. Panzram v. O'Donnell, D.C. Minn.1942, 48 F.Supp. 74. Where a state court acquires jurisdiction by service under a Non-Resident Motorist Service Act the defendant's right of removal to federal court is the same as in cases where jurisdiction is acquired in any other manner. Cook v. Nelson, 1946, 186 Misc. 1018, 62 N.Y.S.2d 875. In the present case the defendant administratrix after removal filed an answer. The great weight of authority is to the effect that an executor or administrator appointed in one state, cannot by voluntary appearance in an action in another state confer upon the court of such other state jurisdiction to render judgment against him in his representative capacity where there is no property belonging to the estate in the state where the action is brought. Burrowes v. Goodman, 2 Cir., 1931, 50 F.2d 92, 77 A.L.R. 249, certiorari denied, 284 U.S. 650, 52 S.Ct. 30, 76 L.Ed. 551; Judy v. Kelley, 1849, 11 Ill. 211, 50 Am.Dec. 455; Jefferson v. Beall, 1897,

117 Ala. 436, 23 So. 44, 67 Am.St.Rep. 177; Braithwaite v. Harvey, 1894, 14 Mont. 208, 36 P. 38, 27 L.R.A. 101, 43 Am.St.Rep. 625; In re Thompson's Estate, 1936, 339 Mo. 410, 97 S.W.2d. 93, 97. For a discussion of the anomalous status of the case of Carpenter v. Strange, 1891, 141 U.S. 87, 11 S.Ct. 960, 35 L.Ed. 640, as an authority, see Beale, The Conflict of Laws (1935) Vol. 3, pp. 1550, 1551. In the case of In re Thompson's Estate, supra, the Supreme Court of Missouri refused recognition to a judgment rendered by a federal court in Louisiana against administrators appointed in Missouri. In the case of Jefferson v. Beall, supra, the Alabama Supreme Court denied recovery against executors appointed in Alabama on a judgment rendered against them in Georgia holding that the judgment was void. The Court states (page 44 of 23 So.): "It seems to be settled by the weight, if not by an unbroken concurrence, of judicial authority, that a judgment rendered in a foreign jurisdiction against a domiciliary personal representative is void, whether objection is or is not made to the exercise of jurisdiction by the foreign court, and whether the judgment is against the same or a different representative. * * * The objection thus goes to the power or jurisdiction of the court over the subject-matter of the administration of assets in a foreign state, in the control of foreign administrators, and to the capacity of the defendant to do any act to the prejudice of the domestic administration. Consent cannot give such jurisdiction." In the case of Judy v. Kelley, supra, a judgment de bonis testatoris had been rendered against an administrator and administratrix of an Illinois estate in the State of Ohio which it was sought to enforce in Illinois. The Illinois Supreme Court held it was not entitled to recognition. The administratrix and administrator had appeared in the Ohio action. The Court (page 214 of 11 Ill., 50 Am.Dec. 455) stated: "But it is insisted that the plaintiffs in error entered their appearance to the action in Ohio, and cannot now question its authority to pronounce judgment. This position would be correct, if the proceedings had been against them personally; but as respects them in their representative capacity, we think the effect is otherwise. The grant of administration in this state

gave them no control over the estate in Ohio. It did not confer any authority to appear and defend the action — any power to go into another jurisdiction and there permit claims to be adjudicated against the estate. Their authority is limited, and when they exceed it, their acts will not bind the estate. The appearance being wholly unauthorized under our laws, the judgment that resulted from it is not binding on the estate." In the case of Orcutt v. Hanson, 1887, 71 Iowa 514, 32 N. W. 482, probate of an estate was being had in one county. An action was brought in another county in which the executrix was made a defendant. The executrix appeared in that action and a judgment was rendered against her. The Iowa Supreme Court held that the judgment constituted the establishing of a claim against the estate which could only be done in the court of the county where probate was pending. That Court further held that the appearance of the executrix in the court of the other county did not confer jurisdiction. That Court stated (page 517 of 71 Iowa, page 484 of 32 N.W): "An objection based upon the want of jurisdiction of the court over the subject-matter may be raised at any time, and is not even waived by consent. If the law withholds from a court authority to determine a case, jurisdiction cannot be conferred, even by the consent of the parties." One court uses the term "ubiquity" in connection with domiciliary representatives attempting to act in relation to property in another state and states that a domiciliary administrator is not "empowered with ubiquity." Scudder v. Ames, 1886, 89 Mo. 496, 14 S.W. 525, 530. Ubiquity has to do with the matter of being everywhere at the same time. Websters' New International Dictionary. Since executors and administrators have legal existence only in the state of their appointment, they lack the attribute of legal ubiquitousness. In the case of Scudder v. Ames, supra page (530 of 14 S.W.) it was stated: "In Chandler v. Stevenson, 68 Mo. 450, the same point coming on for adjudication, it was said: 'An executor is but a trustee. He receives nothing in his own right, but everything for the use of others. The method for performing this trust, and the duties arising out of it, are regulated by the statute.' " There are a number of cases having to do with executors

and administrators of non-resident motorists. In the case of State ex rel. Ledin v. Davison, 1934, 216 Wis. 216, 256 N.W. 718, 96 A.L.R. 589, service was attempted to be made under the Wisconsin Act upon a foreign administratrix. The Wisconsin Act did not provide for service on executors and administrators. The Wisconsin Supreme Court held that since the Act did not provide for service upon executors and administrators, that they were not subject to service under the Act. The Wisconsin Supreme Court set forth a proposed form of amendment to the Act providing for the inclusion of executors and administrators, but stated that the Court was not passing upon the constitutionality of such amendment. Subsequently the Wisconsin Legislature did so amend the Act. However, as yet the validity of the amendment has not been passed upon by the Wisconsin Supreme Court. In the case of Boyd v. Lemmerman, Supreme Ct. N.J.1933, 168 A. 47, 11 N.J.Misc. 701, a non-resident motorist who was claimed to have been at fault in connection with a mishap on the New Jersey Highway died before the action was brought. No administration had been taken out on his estate. The plaintiff nevertheless attempted to obtain jurisdiction in New Jersey by service under the New Jersey Non-Resident Motorist Service Act. The New Jersey Supreme Court held the service to be of no effect. In the case of Lepre v. Real Estate-Land Title Co., Common Pleas N.J.1933, 168 A. 858, 11 N.J.Misc. 887, service was attempted upon a foreign executor under the New Jersey Act. The New Jersey Act did not provide for service on executors and administrators. The service was held invalid, the Court stating (68 A. at page 859): "Furthermore, the provision of the act which provides for service on the commissioner of motor vehicles constitutes him 'agent for the acceptance of process in any civil suit'. The rule that death revokes agency is too well settled to require citation of authorities." In the case of Dowling v. Winters, 1935, 208 N.C. 521, 181 S.E. 751, service was attempted upon a foreign executor under the North Carolina Non-Resident Motorist Service Act. The North Carolina Act did not provide for service on executors or administrators. The North Carolina Supreme Court held that no jurisdiction was acquired by the service. That Court stated (page 752 of 181 S.E.): "It will be observed that the statute makes no provision for service of process upon the executor, administrator, or personal representative of the non-resident motorist, who, if living, might have been served with the process under the act. Nor is it provided that such 'appointment' shall be irrevocable. * * * It is also the general holding that an appointment or agency, unless it be a power coupled with an interest, is terminated by the death of the principal." In the case of Minehart v. Shaffer, Common Pleas Pa.1938, 86 Pittsburgh Legal Journal 317, service was attempted on a foreign administratrix under the Pennsylvania Non-Resident Motorist Service Act, 75 P.S. §§ 1201, 1202. The Pennsylvania Act did not provide for service on executors or administrators. The Court held that the agency of the Secretary of Revenue in regard to service was revoked by the death of the motorist and that the Court was without jurisdiction. In the case of Harris v. Owens, 1943, 142 Ohio St. 379, 52 N.E.2d 522, service upon a foreign administrator under the Ohio Non-Resident Motorist Service Act was held invalid. The Ohio Act did not provide for service on executors or administrators. The Court stated that the situation was one of agency and the agency was revoked by death. The Court further stated that the case did not come within the rule that an agency coupled with an interest is not revoked by death because the Secretary of State as agent had no interest in the claim. In the case of Downing v. Schwenck, 1940, 138 Neb. 395, 293 N.W. 278, service upon foreign executors was made under the Nebraska Act. The Nebraska Act did not provide for service on executors or administrators. The Nebraska Supreme Court held that the Act was to be strictly construed, and since the Act did not provide for service on executors or administrators they were not included in it. In the case of Vecchione v. Palmer, 1936, 249 App.Div. 661, 291 N.Y.S. 537, service upon a foreign executor was made under the New York Act. That Act at that time did not provide for service on executors and administrators. The Court held the service invalid. The Court held the Act was to be strictly construed and that since the Act did

not provide for service on executors or administrators that they were not included in it. That Court goes on to state (291 N.Y.S. at page 539): "Indeed, even if section 52 were to be amended in terms to permit such service upon a foreign executor, it would be futile in that aspect * * *." In the case of Young v. Potter Title & Trust Co., Supreme Ct. N.J.1935, 114 N.J.L. 561, 178 A. 177, service was made upon a foreign executor under the New Jersey Act. The New Jersey Act did not expressly provide for service upon executors or administrators and the Court held that they could not be included by implication. In that case it was the contention of the plaintiff Young that the agency in regard to service was coupled with an interest and therefore was not revoked by death. The Court (page 179 of 178 A.) stated in regard to that contention: "But the agent had no interest, and it cannot be said that Young did anything in reliance upon the agency."

In some cases the situation has been that a non-resident motorist has been served under a Non-Resident Motorist Service Act and dies before the case has been disposed of and it is sought to continue or revive the action against the executor or administrator. In the case of Balter v. Webner, 1940, 175 Misc. 184, 23 N.Y.S.2d 918, where the non-resident motorist died after service under the Act, it was sought to continue the action against his executrix by service upon her under the Act. The New York Act at that time did not provide for service on executors or administrators. The Court held that the action could not be thus continued. In the case of Riggs v. Schneider's Ex'r, Ct. of App. 1939, 279 Ky. 361, 130 S.W.2d 816, where a non-resident motorist died after service under the Act, the plaintiff sought to revive the judgment against the foreign administrator of the deceased motorist under the general statute relating to revivor of actions. That Court held that the action could not be revived against a foreign administrator. In the case of Giampalo v. Taylor, 1938, 335 Pa. 121, 6 A.2d 499, 501, suit was brought in Pennsylvania against a motorist who was a resident of Delaware, for damages growing out of an automobile mishap in Pennsylvania. He was served under the Pennsylvania Non-Resident Motorist Service Act. During the pendency of the action the non-resident died. An executor was appointed for his estate in Delaware. The Pennsylvania Non-Resident Motorist Service Act did not provide for service on executors and administrators. The plaintiff sought to revive the action against the Delaware executor under the provisions of the Pennsylvania Fiduciaries Act, 20 P.S. § 771 et seq., relating to revivor. The Pennsylvania Supreme Court held that it could not be revived. The Court (page 502 of 60 A.2d) stated: "Before considering the provision of the Fiduciaries Act which is here challenged, it is apparent from the decisions of appellate courts in other jurisdictions that the general rule uniformly followed is that no action to recover a judgment in personam can be maintained against an executor or administrator in his representative capacity outside the state of his appointment upon a claim against the estate of a decedent." The Court further stated (page 502 of 6 A.2d): "A practical basis for the rule is found in the difficulty of enforcing a judgment rendered against an executor in a foreign state. Such judgment cannot be collected in the state in which it was obtained because of the absence of an estate therein out of which the judgment is to be paid; it cannot be collected in the state wherein the executor was appointed, for there no recognition or effect will be accorded the judgment because of lack of jurisdiction over the executor. * * * The authority of a court cannot extend beyond the territorial limits of the state by which it was created. Any attempt on its part to enforce its decrees and judgments beyond such limits constitutes an illegitimate assumption of power." In the case of Brogan v. Macklin, 1939, 126 Conn. 92, 9 A.2d 499, suit was brought in Connecticut against an administrator appointed in Maryland for injuries claimed to have been caused by the negligent operation of an automobile by the decedent in Connecticut. The administrator was served with notice under the provisions of the Connecticut Non-Resident Motorist Act. The Connecticut Act did not provide for service on executors and administrators. The Court held that the death of the motorist revoked the

agency of the Commissioner of Motor Vehicles in regard to service. See also Smalley v. Hutcheon, 1946, 296 N.Y. 68, 70 N.E.2d 161.

The original Arkansas Non-Resident Motorist Service Act did not contain any provision for service on executors or administrators. In 1941 the Arkansas Legislature amended the Act to include executors and administrators. In the case of Oviatt v. Garretson, 1943, 205 Ark. 792, 171 S.W.2d 287, a non-resident operating a motor vehicle in Arkansas had a collision. The non-resident was killed in the collision. An executrix was appointed for her estate in another state. Parties injured in the collision brought suit in Arkansas for damages caused by the collision, making the foreign executrix one of the parties defendant. Service was made upon the foreign executrix under the amended Arkansas Act and a judgment rendered against her. In regard to the matter of service the Supreme Court of Arkansas stated (page 290 of 171 S.W.2d): "Mrs. Tarnutzer's executor claims that the Act appointed the Secretary of State as the agent for service of process of the nonresident owner, and that upon the death of the nonresident owner the agency expired. Many cases are cited in the able brief of the attorney for Mrs. Taruntzer's executor to sustain the well-known rule that death works a revocation of agency where the agency is not coupled with an interest, etc.; but we consider all of these cases to be beside the point. It is true that Act 40 of 1941, stated that by using our highways a nonresident owner or driver constituted the Secretary of State as his agent for service of process; but that agency was not a common law agency. The State, in passing such a statute, was acting under its police power, and such power is not limited to the rules of agency and contract. A nonresident who utilized the State's highways at a time when the General Assembly had promulgated laws under the police power, was bound by such statutes. Consequences of his or her negligence could not be abrogated by the general rules of contract and agency; hence, an administrator or executor would not be relieved under the doctrine that the power of agency ends with death of the principal. The question goes to the power of the sovereign to pass such a law. We hold it has such power and has properly exercised it."

The Iowa Supreme Court has not passed upon the validity of the amendment to the Iowa Act providing for service on the executors and administrators of the estates of nonresident motorists. As heretofore noted, the States of New York, Michigan, Maryland and Wisconsin have also amended their Acts to include executors and administrators. Apparently, there are no decisions in those states as to the validity of such amendment. The Arkansas Supreme Court did not in Oviatt v. Garretson, supra, discuss the matter of what recognition, if any, might be given the judgment against the executor in the state of his appointment.

In the recent case of People of State of New York ex rel. Halvey v. Halvey 67 S. Ct. 903, 906, the United States Supreme Court stated: "If the court of the State which rendered the judgment had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause." If this Court is without jurisdiction as to Alma B. Anderson, Administratrix, then any purported adjudication of the claim in question would properly be denied credit in South Dakota; and the action of this Court in purporting to adjudicate the claim would be considered as attempted judicial usurpation. If jurisdiction is lacking, a purported adjudication by this Court would in reality constitute merely an advisory opinion. For a district court in one state to give an advisory opinion to a court in another state is something that has not been sanctioned by the United States Supreme Court, or the Eighth Circuit Court of Appeals or the Iowa Supreme Court.

The rapidity with which all of the states adopted Non-Resident Motorist Service Acts is strongly indicative of the need for such Acts. Prior to the adoption of such Acts, a party injured because of the negligent operation of a motor vehicle by a non-resident could not by any service on such non-resident after he left the state give the local court jurisdiction to render a personal judgment against him. The states were able by means of Non-Resident

850

Motorist Service Acts to change that legal situation. The question now presented is whether a state can by amending its Non-Resident Motorist Service Act to include executors and administrators of non-resident motorists also work a change in their legal situation. An action against an individual for the recovery of damages occasioned by an automobile mishap is an action in personam, and hence a transitory action. Such actions can be brought in any state in which such individual can be found. Jurisdiction in such cases has its source in the person of the individual. It may be said that an individual carries jurisdiction with him as to transitory actions wherever he goes. In the case of an individual, no court or court officer in the state of his residence and no representative of that state is in control of him or of his property. If an individual is served with notice of suit while in another state or consents to be sued in another state, that is not a matter of concern to either the state of his residence or any court of that state. In the case of an individual, the legal problem as to service on him under Non-Resident Service Acts was comparatively simple. However, where a non-resident motorist dies after causing injuries to others, the legal problem in regard to service on and the establishing of a claim against his executor or administrator becomes very difficult and very complicated. His death works an entire change in the legal situation. Upon the death of a non-resident motorist, the state of his residence under prerogative of sovereignity, through its courts takes charge of and supervision of his property in that state. Upon the death of the non-resident motorist, the matter of claims owing by him at the time of his death and the application of his property towards the payment of them become matters governed by the legislature and the courts of the state of his residence. Any claims owing by the decedent, which during his lifetime were in personam cease to be such upon his death. Actions to enforce claims owing by him in his lifetime now become proceedings to share in the distribution of his property.

The recent amendments to Non-Resident Motorist Service Acts providing for the inclusion of executors and administrators are based upon the theory that the consent to jurisdiction given by the decedent during his lifetime is binding after his death upon the court administering upon his property in the state of his residence. A voluntary appearance by an individual in an action against him in another state is, of course, a consent to jurisdiction. However, as heretofore noted such consent to jurisdiction is held not to be binding upon his executor or administrator if he dies during the pendency of the action. The case of Brown v. Fletcher's Estate, 1908, 210 U.S. 82, 28 S.Ct. 702, 52 L.Ed. 966, dealt with the attempt of a party to bind his executors as to jurisdiction. One Fletcher, a resident of Michigan, had property in Massachusetts. He was sued for an accounting and personally appeared in that action. A stipulation was made by the parties for arbitration under rule of court. The stipulation provided that the death of either party should not terminate the submission, but that the legal representatives of the parties should be bound. Fletcher died and executors were appointed for his estate in the State of Michigan. The Michigan executors refused to recognize the submission. The arbitration award was confirmed by a decree of the Massachusetts court. The award was then presented as a claim against the estate in Michigan. It was disallowed by the probate court of the State and upon appeal to the Michigan Supreme Court the disallowance was affirmed. Upon review by the United States Supreme Court the disallowance was affirmed. It was the claim of the creditor that the consent signed by Fletcher during his lifetime purporting to bind his executor as to jurisdiction of the Massachusetts court gave that court jurisdiction. In regard to that contention the United States Supreme Court stated (page 94 of 210 U.S., page 706 of 28 S.Ct., 52 L.Ed. 966): "The agreement of the parties that the arbitration should continue in case of the death of either, and that the legal representatives of the party should be bound by the final award, was an agreement made in the course of judicial proceedings of a suit in the Massachusetts court. It did not operate to make the home represent-

atives of the decedent parties to the suit on the death of Fletcher." In the case of Riggs v. Schneider's Ex'r., (Ct. of App. 1939) 279 Ky. 361, 130 S.W.2d 816, a nonresident motorist had been served in Kentucky under the Kentucky Non-Resident Motorist Service Act in an action for the recovery of damages for injuries claimed to have been occasioned to the plaintiff by the negligent operation of the non-resident's automobile in Kentucky. The non-resident died during the pendency of the action and an executor was appointed for his estate in the State of Ohio, the state of his residence. The plaintiff sought to revive the action against the Ohio executor under the general Kentucky revivor statute, Civ.Code Proc. § 501, providing for the revivor of actions against executors and administrators where a party died during the pendency of an action. The plaintiff claimed that since under the Kentucky Act the use of highways in that state constituted a consent by the motorist that the courts of Kentucky should have jurisdiction of any claim for injuries growing out of such operation, that such consent was binding upon the executor of the estate of such motorist. The Kentucky Court of Appeals over-ruled that contention stating (page 818 of 130 S.W.2d): "The personal representative is only a trustee of the deceased defendant's estate, deriving his power and authority to manage and distribute that estate under the law of decedent's domicile, not from voluntary action of the non-resident."

During the lifetime of a motorist, he constitutes the source of jurisdiction for the enforcement of a claim against him growing out of negligence in the operation of his motor vehicle. Upon his death, he is no longer the source of jurisdiction for the enforcement of such a claim; the source of jurisdiction for such enforcement is his property within a particular state. The property of a decedent in a particular state marks the limit of jurisdiction of the courts of that state in regard to claims owing by him. Written directions by a person that certain claims owing by him should be paid by his executor or administrator ahead of other claims would not be recognized by a court as having any validity. The matter of how claims shall be allowed and paid and the question of court jurisdiction in regard thereto are matters which are governed by the laws of the state wherein the property of a decedent is located and not by the directions or agreements by the decedent during his lifetime. It would seem that it is beyond the power of a person by any agreement or directions made by him during his lifetime to prescribe as to probate court jurisdiction in regard to claims owing by him at his death. It is in the province of the legislature in each state where property belonging to a decedent is located to prescribe as to court jurisdiction in regard thereto and it is not within the province of an individual to prescribe as to that matter.

It has been noted that the consent to jurisdiction implied by the use of the highways of a state is one in which a non-resident motorist has no voice and no choice. Young v. Potter Title & Trust Co., Supreme Ct. N.J.1935, 114 N.J.L. 561, 178 A. 177. In the case of Oviatt v. Garretson, supra, the Arkansas Supreme Court stated the agency implied in Non-Resident Motorist Service Acts was not a common law agency. That Court further stated that in passing such Acts the states were in the exercise of their police power. It would seem that a state could not under the exercise of police power project itself into another state and assume jurisdiction over matters which are in the jurisdiction of such other state. An attempt by a state to prescribe as to the duties and liabilities of an executor or administrator appointed under the laws of another state is an attempt to prescribe as to matters which are within the exclusive jurisdiction of the appointing state. In the case of Helme v. Buckelew, supra, it was indicated by the New York Court of Appeals that validity could only be obtained for judgments against foreign executors and administrators by means of a grant of authority from the state of their appointment. Under that view, the problem of service of notice upon the executors and administrators of non-resident motorist and the problem of adjudication of claims founded upon such service might possibly be solved by the different states enacting statutes providing that a claim established

852

in the courts of another state under the laws of that state relating to non-resident motorists should be treated by the locally appointed executors and administrators in the distribution of the estate the same as though such claim had been established in the local courts. As far as can be ascertained not any of the states have made any such provision.

Even if it were to be held that the Non-Resident Motorist Service Acts had the legal effect of changing foreign executors and administrators into ancillary representatives, such holding would be of little practical significance in most motor vehicle cases. It has been heretofore noted that an adjudication of a claim in a state of ancillary administration is binding only to the extent of the property owned by the decedent in that state. It would happen only rarely that a motorist having an automobile mishap in a state other than the state of his residence would be the owner of property in the state of the mishap.

In the present case, if this Court is without jurisdiction to make any binding adjudication as to the claim in question and the case were to proceed to trial against Alma B. Anderson, administratrix, and either she or the plaintiff were dissatisfied with the outcome, she or he could then proceed to try the case over again in South Dakota in the hope of a different result. See Nash v. Benari, 1918, 117 Me. 491, 105 A. 107, 3 A.L.R. 61.

In the present case the administratrix was appointed in the State of South Dakota. The most recent statement of the South Dakota Supreme Court strongly indicates that South Dakota claims exclusive jurisdiction as to matters having to do with executors and administrators appointed by that State. American Surety Co. v. Western Surety Co., S.D.1946, 22 N.W.2d 429. In that case the same person had been appointed domiciliary executrix in Iowa and ancillary executrix in South Dakota. In litigation having to do with her status as a personal representative. in both states and the connection between. the two estates, the South Dakota Supreme Court stated (page 431 of 22 N.W.2d): "The duties of representatives are exclusive and independent within the jurisdiction

of their appointments even though the same individual is the appointed representative of an estate in two or more states. Lawton v. National Surety Co., 248 Mass. 440, 143 N.E. 333; Poole v. Garrett, 56 App.D.C. 378, 15 F.2d 892."

 It is the holding of the Court that that portion of Paragraph 4 of Section 321.499, Code of Iowa 1946, providing for service on a foreign administrator is invalid and that in the present case no jurisdiction was acquired as to Alma B. Anderson, administratrix, by service of notice upon her under that paragraph. It is the further holding of the Court that this Court did not acquire jurisdiction as to her because of the removal by her of the action to this Court or by her appearance herein.

It is ordered that the action be dismissed as to Alma B. Anderson, administratrix, without prejudice, for lack of jurisdiction.